IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Ali Hussamaldeen Albazzaz<br>Baghdad, Iraq<br><br>Plaintiff,<br><br>v.<br><br>Blackwater Worldwide<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Blackwater USA<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Blackwater Lodge and Training Center, Inc.<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Blackwater Security Consulting, LLC<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Blackwater Armor and Targets, LLC<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Blackwater Airships, LLC<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Blackwater Logistics, LLC<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Blackwater Canine<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Raven Development Group, LLC<br>850 Puddin Ridge Road<br>Moyock, North Carolina 27958<br><br>Greystone Limited<br>Total Intelligence Solutions, LLC<br>1650 Tysons Boulevard<br>Suite 800 | Case No.<br><br>JURY DEMAND |

McLean, Virginia 22102                )
                                      )
The Prince Group LLC                  )
1650 Tysons Boulevard                 )
Suite 800                             )
McLean, Virginia 22102                )
                                      )
EP Investments, LLC                   )
1650 Tysons Boulevard                 )
Suite 800                             )
McLean, Virginia 22102                )
                                      )
Erik Prince                           )
1650 Tysons Boulevard                 )
Suite 800                             )
McLean, Virginia 22102                )
                                      )
                                      )
            Defendants.               )
                                      )
                                      )

## COMPLAINT

1.   This action is being brought against the individual and corporate entities which operate under the name "Blackwater." Blackwater in all of its various corporate incarnations is actually a single private company wholly owned and personally controlled by a man named Erik Prince. Blackwater earns billions of dollars selling mercenary services.

2.   On September 9, 2007, heavily-armed Blackwater mercenaries (known in Blackwater parlance as "shooters") working in Iraq fired, without justification, on a crowd of innocent Iraqi civilians in and around Al Watahba Square resulting in multiple deaths and injuries. Plaintiff Ali Hussamaldeen Ibrahim Albazzaz was among those killed in this massacre. This senseless slaughter on September 9, 2007, was only one in a series of recent incidents in Blackwater's lengthy pattern of egregious misconduct in Iraq resulting in the deaths of innocent Iraqis.

3.   Blackwater created and fostered a culture of lawlessness amongst its employees, encouraging them to act in the company's financial interests at the expense of

innocent human life. This action seeks compensatory damages to compensate the family of Mr. Albazzaz, who was gunned down and killed by Blackwater shooters. This action seeks punitive damages in an amount sufficient to punish Erik Prince and his Blackwater companies for their repeated callous killing of innocents.

## PARTIES

4. Plaintiff is the Estate of Ali Hussamaldeen Ibrahim Albazzaz. Mr. Albazzaz was a resident of Baghdad until he was shot to death by Blackwater shooters on September 9, 2007. He was the father of a newborn baby daughter.

5. Erik Prince, a resident of McLean, Virginia, with business offices at 1650 Tysons Boulevard, McLean, Virginia, 22102, personally and wholly owns holding companies known as The Prince Group and EP Investments LLC. Mr. Prince, through these holding companies, owns and controls the various Blackwater entities, as well as entities known as Greystone and Total Intelligence.

6. Defendant The Prince Group LLC is a holding company located at 1650 Tysons Boulevard, McLean, Virginia, 22102.

7. Defendant EP Investments, LLC, is a holding company managed by the Prince Group, LLC. EP Investments, LLC is located at 1650 Tysons Boulevard, McLean, Virginia, 22102.

8. Erik Prince, acting through a web of companies operating under the "Blackwater" or "Greystone" or "Total Intelligence" names, earns billions of dollars providing mercenaries (known as "shooters") for hire. These many entities do not operate with independence, but rather are all owned and personally controlled by Erik Prince acting through the vehicle of The Prince Group LLC and/or EP Investments, LLC.

9. Defendant Blackwater Worldwide is a privately-held corporation formed in 1996 or 1997 with headquarters located at 850 Puddin Ridge Road, Moyock North Carolina, 27958.

10. Blackwater Worldwide has at least five separate business units located at 850 Puddin Ridge Road, Moyock, North Carolina, 27958. These units include Blackwater Lodge and Training Center, Inc., Blackwater Target Systems, Blackwater Security Consulting, Blackwater Canine and Raven Development Group.

11. Defendant Blackwater USA is an assumed name under which Defendants Blackwater Lodge and Training Center, Inc. conducts business, and is owned by Blackwater Lodge and Training Center, Inc.

12. Defendant Greystone Ltd. and Total Intelligence Solutions LLP are companies through which Erik Prince conducts his mercenary business. Greystone Ltd. and Total Intelligence Solutions LLP are located at 1650 Tysons Boulevard, McLean, Virginia, 22102.

13. Blackwater and its related entities are registered to do business in Delaware, Michigan, Virginia, Louisiana, North Carolina, Georgia, Texas, Connecticut, Florida, Montana, and California.

14. Reasonable discovery will establish that Erik Prince and his web of wholly-owned companies routinely conduct business and enter into contracts in this District. Erik Prince and his web of wholly-owned companies earn substantial sums doing business in this District.

## JURISDICTION AND VENUE

15. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1350 (Alien Tort Statute); and 28 U.S.C. § 1367 (supplemental jurisdiction).

16. Venue is proper pursuant to 28 U.S.C. § 1391(a)(3) and § 1391(b)(2).

## BLACKWATER KILLED PLAINTIFF AND KILLED AND INJURED OTHER INNOCENT BYSTANDERS ON SEPTEMBER 9, 2007

17. Blackwater provides armed forces to protect Department of State personnel in Iraq. These mobile armed forces that accompany diplomats and others in need of protection are consistently referred to by Blackwater management and employees as "shooters."

18. On or about September 9, 2007, Blackwater shooters shot, without justification, and killed five innocent civilians, including Ali Hussamaldeen Ibrahim Albazzaz, in and around Al Watahba Square. Mr. Albazzaz was standing outside his rug store near Al Watahba Square when he was gunned down by Blackwater shooters. Numerous other innocent civilians were killed and injured in the incident.

19. Blackwater is responsible for the reckless actions of its heavily-armed shooters acting in Iraq. The identities of the Blackwater shooters who killed and injured innocent persons on September 9, 2007, are known to Blackwater and able to be discovered in this litigation.

## BLACKWATER PERMITS AND ENCOURAGES EXCESSIVE AND UNNCESSARY USE OF DEADLY FORCE

20. Blackwater has a pattern and practice of recklessness in the use of deadly force.

21. Blackwater has created and fostered a corporate culture in which excessive and unnecessary use of deadly force by its employees is not investigated or punished in any way.

22. Blackwater routinely sends heavily-armed "shooters" into the streets of Baghdad with the knowledge that some of those "shooters" are chemically influenced by steroids and other judgment-altering substances.

23. Blackwater knew that 25 percent or more of its "shooters" were ingesting steroids or other judgment-altering substances, yet failed to take effective steps to stop the drug use.

24. Blackwater did not conduct any drug-testing of its "shooters" before sending them equipped with heavy weapons into the streets of Baghdad.

25. An Army lieutenant colonel serving in Iraq made the following statement about Blackwater forces to a Washington Post reporter: "They are immature shooters and have very quick trigger fingers. Their tendency is to shoot first and ask questions later."

26. Another senior United States commander serving in Iraq made the following statement about Blackwater forces to Washington Post reporter: "They often act like cowboys over here,. . . not seeming to play by the same rules everyone else tries to play by." He further stated that they have a "record of recklessness."

27. Blackwater produced to the Congressional Committee on Oversight and Government Reform ("the Committee") approximately 437 internal "incident reports" that reveal that Blackwater forces in Iraq consistently use excessive and unnecessary force that results in unnecessary deaths, injuries and property damage.

28. Blackwater forces consistently and routinely engage in the preemptive and offensive, rather than defensive, use of lethal force. Blackwater's own incident reports reveal that Blackwater forces fire first in 84 percent of the self-reported incidents involving gunfire.

29. A few examples of Blackwater's recklessness suffice: On or about September 16, 2007, just days after this incident, Blackwater shooters gunned down innocent Iraqi civilians in Nisoor Square, killing 16 and injuring numerous others. The Blackwater shooters opened fire on innocent Iraqi civilians in cars and on foot without any provocation. They maintained heavy gunfire, including firing from helicopters, for approximately 15 minutes. During this one week in September, Blackwater shooters shot at least 43 innocent Iraqis, at least 21 of whom died.

30. On or about December 24, 2006, Blackwater killed the bodyguard of Iraqi Vice President Adil Abd-al-Mahdi. Blackwater killed the bodyguard by firing multiple shots from a Glock 9 mm pistol directly at him. The New York Times reported that the Blackwater employee who killed the bodyguard is named Andrew J. Moonen.

31. On or about June 25, 2005, Blackwater forces killed an innocent person standing on the side of the street by shooting him in the chest. He was the father of six children. Blackwater initially failed to report the shooting, and subsequently tried to cover it up.

32. Reasonable discovery is likely to produce evidence of additional killings by Blackwater shooters. Reasonable discovery is also likely to produce evidence that Blackwater on one or more occasions attempted to cover up its shooters' killings by offering

to pay modest sums to the families of those Iraqis whom Blackwater shooters shot for no reason.

33.    The Blackwater reports produced to the Committee reveal that Blackwater shooters in Iraq repeatedly and frequently fire shots from moving vehicles without stopping to see if Blackwater has killed anyone.

34.    The Blackwater reports produced to the Committee reveal that Blackwater shooters and other employees repeatedly fail to report wrongful use of force, and consistently lie about excessive uses of force.

35.    Reasonable discovery will establish that Blackwater significantly and consistently underreports excessive use of force by its employees in its own documentation. Two former Blackwater employees told a Washington Post reporter that the Blackwater documents produced to the Committee significantly underreported the actual number of shootings. One of these former Blackwater shooters stated that his 20-person team in Iraq averaged four to five shootings per week.

36.    Blackwater profits financially from its pattern and practice of misuse of deadly force.

37.    Reasonable discovery will establish that Blackwater heavily markets the fact that it has never had any American official under its protection killed in Iraq. Reasonable discovery will establish that Blackwater views its willingness to kill innocent people as a strategic advantage setting Blackwater apart and above other security companies.

38.    Reasonable discovery will establish Blackwater was and is willing to kill innocent bystanders in order to preserve that "no death" statistic for marketing purposes. Blackwater benefits financially from its willingness to kill innocent bystanders.

## BLACKWATER HIRES INDIVIDUALS
## KNOWN TO BE CRIMINALS

39. Blackwater, in addition to hiring persons known (or should have been known) to use steroids and other judgment-altering drugs, has been hiring as mercenaries former military officials known to have been involved in human rights abuses in Chile. As reasonable discovery will establish, Blackwater knows that the former Chileans commandos hired by Blackwater received amnesty from punishment for their wanton disregard of human rights in exchange for being forbidden from taking part in any military or security activities in Chile.

40. Reasonable discovery is also likely to reveal that Blackwater has been hiring mercenaries from the Philippines, Chile, Nepal, Colombia, Ecuador, El Salvador, Honduras, Panama, Peru, Bulgaria, Poland, Romania, Jordan and perhaps South Africa. Reasonable discovery is likely to reveal that Blackwater hired foreign nationals without regard for the fact that they were forbidden by the laws of their country from serving as mercenaries.

41. Blackwater retains a sufficient number of mercenaries to be able to provide a willing buyer with a private army.

42. In 2003, Blackwater president Gary Jackson stated publicly Blackwater's vision: "I would like to have the largest, most professional private army in the world."

43. In March 2006, during a conference held in Amman, Jordan, Blackwater executive Cofer Black publicly declared that Blackwater was able to deploy a private brigade-sized force to any conflict or crisis zone.

## BLACKWATER ACTIONS HARM THE UNITED STATES

44. Secretary of Defense William Gates has publicly announced that private mercenary companies, including Blackwater, are interfering with the military's ability to

retain trained soldiers because the companies entice soldiers to leave military service with offers of higher pay.

45. Blackwater's recent shooting incidents are being investigated by the United States Department of Justice, United States Federal Bureau of Investigation and the Iraqi government.

46. Blackwater's recent actions in Iraq have created serious and substantial difficulties for the United States' diplomatic relationship with Iraq.

47. Blackwater is being investigated by Congressional Committee on Oversight and Government Reform.

48. Blackwater is being investigated by the United States Attorney, Department of Justice, and the Attorney General of North Carolina. According to press reports, Blackwater is being investigated for having been involved in smuggling weapons into Iraq, which subsequently ended up in the hands of persons designated as terrorists by the United States government.

49. Two Blackwater employees have pleaded guilty to possessing stolen weapons. These Blackwater employees agreed to cooperate with the United States in investigation of these crimes.

50. Blackwater is harming the United States by its repeated and consistent failure to act in accord with the law of war, the laws of the United States, and international law.

51. Blackwater has earned more than one billion dollars (approximately $1,024,519,018) from the United States during the years 2001 to 2006. Reasonable discovery is likely to establish that Blackwater continues to earn millions of dollars in revenue from the United States.

52. The United States paid Blackwater these substantial sums based on Blackwater's misrepresentations that it was a legitimate company able to conduct itself in a lawful manner. But in fact, Blackwater operates extra-legally, providing heavily-armed mercenaries who flout the laws of this nation and the host nation, Iraq.

53. Blackwater encourages and fosters a culture of lawlessness and a lack of respect for the lives of innocent Iraqi civilians amongst its employees.

54. Blackwater's actions and omissions resulted in unnecessary carnage and harmed the reputation of the United States throughout the world.

**BLACKWATER DOES NOT HAVE A VALID CONTRACT WITH THE UNITED STATES**

55. The Anti-Pinkerton Act, 5 U.S.C. § 1803, prohibits the United States from doing business with "[a]n individual employed by the Pinkerton Detective Agency, or similar organization." The legislative history of the Act makes it clear that a "similar organization" means any mercenary or quasi-mercenary organization.

56. Blackwater constitutes such a "similar organization" and therefore lacks any valid contractual relationships with the United States.

**ERIK PRINCE OPERATES AND CONTROLS THE VARIOUS BLACKWATER ENTITIES AS HIS ALTER EGOS**

57. Erik Prince and Al Clark jointly founded Blackwater. However, reasonable discovery will establish that Al Clark departed Blackwater in 2000 because Erik Prince was not willing to maintain reasonable standards of professionalism.

58. Reasonable discovery is also likely to establish that subsequent to Al Clark's departure, Erik Prince assumed complete and total control over Blackwater's operations.

59. Reasonable discovery is likely to establish that the various Blackwater corporate entities were formed merely to reduce legal exposures and do not operate as individual and independent companies outside the control of Erik Prince.

60. Reasonable discovery is likely to establish that the Prince Group LLC was formed merely to shield Erik Prince from any legal and financial consequences for his reckless indifference to the laws of this and other nations.

## DAMAGES

61. Defendants are liable for killing Ali Hussamaldeen Ibrahim Albazzaz. Defendants are liable for the pain and suffering caused to Mr. Albazzaz, as well as the pain and suffering and loss of consortium caused to his family members.

62. Plaintiff seeks compensatory and punitive damages in an amount in excess of the jurisdictional amount set forth in 28 U.S.C. § 1332. Plaintiff also seeks any and all additional remedies (such as attorneys' fees) available under law and equity.

## COUNT ONE
## CLAIM UNDER THE ALIEN TORT STATUTE – WAR CRIMES

63. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

64. Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and constitute war crimes.

65. Defendants' acts took place during a period of armed conflict.

66. Defendants committed war crimes against the Plaintiff.

67. Defendants are liable for their conduct that constitutes war crimes.

68. Defendants' misconduct caused grave and foreseeable injuries to the Plaintiff.

## COUNT TWO
## ASSAULT AND BATTERY

69. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

70. Defendants unlawfully intended to and did inflict immediate injury upon Plaintiff.

71. Defendants intentionally assaulted, battered, and made other offensive contacts; and aided and abetted the assaulting, battering and offensively contacting, of the Plaintiff.

72. Plaintiff did not consent to the offensive contacts. Plaintiff feared for his personal safety and felt threatened by Defendants' actions.

73. Defendants committed the assaults and batteries.

74. Defendants' acts caused grave and foreseeable damages to Plaintiff.

## COUNT THREE
## WRONGFUL DEATH

75. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

76. Defendants' wrongful acts and omissions caused the death of Ali Hussamaldeen Ibrahim Albazzaz.

77. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful death.

78. The death of Ali Hussamaldeen Ibrahim Albazzaz and other persons were the foreseeable result of Defendants' wrongful acts and omissions.

## COUNT FOUR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

79.     All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

80.     Defendants intentionally inflicted severe emotional distress by way of extreme and outrageous conduct on Plaintiff and his family members. Defendants intended or recklessly disregarding the probability that Plaintiff would suffer emotional distress when directing offensive conduct toward Plaintiff.

81.     Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiff.

82.     Defendants' acts caused grave and foreseeable injuries to Plaintiff and his family members.

## COUNT FIVE
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

83.     All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

84.     Defendants negligently inflicted severe emotional distress on Plaintiff and his family members.

85.     Defendants breached a duty to Plaintiff and others present at the scene of the killings and infliction of bodily injury.

86.     Defendants' negligence directly and foreseeably harmed Plaintiff.

## COUNT SIX
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

87. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

88. Defendants acted negligently and directly harmed Plaintiff by:

    (a) failing to take the appropriate steps in hiring proper personnel to perform services;

    (b) failing to properly screen personnel before their hiring;

    (c) failing to train personnel properly;

    (d) failing to investigate allegations of wrongdoing;

    (e) failing to adequately monitor for and stop illegal substance abuse;

    (f) failing to reprimand for wrongful actions; and

    (g) negligently permitting repeated lawlessness by employees.

89. Defendants' negligence directly and foreseeably harmed Plaintiff and his family members.

## PRAYER FOR DAMAGES

90. Plaintiff and his family members, acting through his Estate, is entitled to any and all remedies available to them as a result of the conduct alleged herein, including, but not limited to:

    (a) compensatory damages for death, physical, mental and economic injuries;

    (b) punitive damages in an amount sufficient to strip Defendants of all of the revenue and profits earned from their pattern of constant misconduct and callous disregard for human life; and

    (c) any attorneys' fees and costs permitted by law.

Date:  December 19, 2007

                                          Susan L. Burke (D.C. Bar # 414939)
William T. O'Neil (D.C. Bar # 426107)
Rosemary B. Healy
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:     (215) 971-5058
Facsimile:      (215) 482-0874

Michael Ratner
Katherine Gallagher
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone:     (212) 614-6439
Facsimile:      (212) 614-6499

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
888 West Big Beaver
Suite 910
Troy, MI 48084
Telephone:     (248) 269 -9595
Facsimile:      (248) 269-9119

*Counsel for Plaintiffs*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

B
07-cv-2273
RBW

## I (a) PLAINTIFFS
Estate of Ali Hussamaldeen Albazzaz

## DEFENDANTS
Blackwater Worldwide and all of its affiliated companies and divisions, including Blackwater USA, Blackwater Lodge and Training Center, Inc., Blackwater Security Consulting, LLC, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___99999___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
(215) 971-5058

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02273
Assigned To : Walton, Reggie B.
Assign. Date : 12/19/2007
Description: PI/Malpractice

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ● 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☒ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Alien Tort Statute, Assault, Wrongful Death -- Civil action for damages caused by killings in Iraq   Federal Diversity
STATUTES 28 U
28 USC 1350, 28 USC 1332, 28 USC 1331, 28 USC 13-67

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 12/19/2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.