## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESTATE OF ALI HUSSAMALDEEN )
ALBAZZAZ, *et al.* )
                       )
                 Plaintiffs, )
                       )
v. )
                       )
BLACKWATER WORLDWIDE, *et al.* )
                       )
                 Defendants. )
_____ )

Civil Case No. **07-CV-02273 (RBW)**

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
## FOR LACK OF VENUE AND TO DISMISS NON-LEGAL ENTITIES

Defendants Blackwater Worldwide; Blackwater USA; Blackwater Lodge and Training Center, Inc.; Blackwater Security Consulting, LLC; Blackwater Armor and Targets, LLC; Blackwater Airships, LLC; Blackwater Logistics, LLC; Blackwater Canine; Raven Development Group, LLC; Greystone Limited; Total Intelligence Solutions, LLC; Prince Group LLC; EP Investments, LLC; and Erik Prince (collectively, "Defendants"), pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3) move for dismissal of Plaintiffs' Complaint for lack of venue or, in the alternative, for the transfer of this action to the Eastern District of Virginia.  Defendants also move for dismissal of three named non-legal entities—Blackwater Worldwide, Blackwater USA, and Blackwater Canine—for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2); for lack of capacity to be sued, pursuant to Fed. R. Civ. P. 17(b); and for misjoinder of Parties, pursuant to Fed. R. Civ. P. 21.

As required by Local Rule 7(a), the reasons supporting this motion are set forth in the attached Defendants' Memorandum in Support of Their Motion to Dismiss the Complaint for Lack of Venue and to Dismiss Non-Legal Entities. A Proposed Order is also attached as required by Local Rule 7(c). Defendants have served counsel for Plaintiffs with copies of this Motion, the Memorandum and its supporting documents, and the Proposed Order.

Respectfully submitted,

/s/ Michael Lackey _____
Michael Lackey  (#443362)
Andrew Pincus (#370726)
Peter White  (#468746)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

Dated: January 22, 2008

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF ALI HUSSAMALDEEN ALBAZZAZ, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No. **07-CV-02273 (RBW)** |
| v. | ) ) ) | |
| BLACKWATER WORLDWIDE, *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

---

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF VENUE AND TO DISMISS NON-LEGAL ENTITIES

Michael Lackey  (#443362)
Andrew Pincus (#370726)
Peter White  (#468746)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

Dated: January 22, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

   I.   Plaintiffs' Claims Should Be Dismissed For Lack Of Venue ............................ 2

       A.   Plaintiffs provide no basis for venue in the District of Columbia. ................ 2

       B.   Venue would be proper in the Eastern District of Virginia. ......................... 4

           1.   The non-alien corporate Defendants ....................................................... 4

           2.   The individual Defendant (Erik Prince) ................................................... 8

           3.   The alien corporate Defendant ................................................................ 8

       C.   Dismissal of all claims is appropriate. ......................................................... 9

   II.   Plaintiffs' Claims Against Non-Legal Entities Should Be Dismissed ............... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*,
   10 F.3d 425 (7th Cir. 1993) ..................................................................................3

*Beech Aircraft Corp. v. EDO Corp.*, Civ. A. No. 90-1518, 1991 WL
   133551 (D.D.C. Feb. 15, 1991) ............................................................................4

*Coté v. Wadel*, 796 F.2d 981 (7th Cir. 1986) ...................................................................9

*Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68 (D.D.C. 2005) ........................................5

*E.E.O.C. v. St. Francis Xavier Parochial School*,
   77 F. Supp. 2d 71 (D.D.C. 1999), *aff'd* 254 F.3d 315 (D.C. Cir. 2000)................11

*English & Smith v. Metzger*, 901 F.2d 36 (4th Cir. 1990) ................................................4

*Eze v. Yellow Cab Co. of Alexandria, Va., Inc.*,
   782 F.2d 1064 (D.C. Cir. 1986) ............................................................................2

*Freeman v. Fallin*, 254 F. Supp. 2d 52 (D.D.C. 2003) ....................................................2

*Friedman v. Revenue Mgmt. of N.Y., Inc.*,
   839 F. Supp. 203 (S.D.N.Y. 1993), *aff'd* 38 F.3d 668 (2d Cir. 1994)....................2

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ................4, 6

*Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp.*,
   227 F. Supp. 2d 581 (E.D. Va. 2002) ....................................................................5

*Inversiones Inmobiliarias El Bosque, S.A. v. Transtainer Corp.*, No. Civ.
   A. 03-0962, 2004 WL 325615 (E.D. La. Feb. 18, 2004)........................................6

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)...................................................7

*King v. Wall & Beaver St. Corp.*, 145 F.2d 377 (D.C. Cir. 1944)....................................8

*LG Elecs. Inc. v. Advance Creative Computer Corp.*,
   131 F. Supp. 2d 804 (E.D. Va. 2001) ....................................................................5

*Minn. Mining & Mfg. Co. v. Rynne*, 661 F.2d 722 (8th Cir. 1981) ...............................12

*Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1993)..............................................9

*Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952) .............................................5

*Prakash v. Am. Univ.*, 727 F.2d 1174 (D.C. Cir. 1984) .........................................................8

*Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745 (4th Cir. 1971) ..................................................7

*Rogers v. Metro. & City Police New Scotland Yard of London*, Civ. A. No.
    91-2124 (CRR), 1992 WL 23669 (D.D.C. Jan. 23, 1992) ...........................................3

*Salzstein v. Bekins Van Lines, Inc.*, 747 F. Supp. 1281 (N.D. Ill. 1990) .............................11

*Schmidt v. Am. Inst. of Physics*, 322 F. Supp. 2d 28 (D.D.C. 2004)......................................6

*U.S. Gen., Inc. v. Draper City*, No. 2:05-CV-917 TS, 2006 WL 1594184
    (D. Utah June 7, 2006) ................................................................................................7

*United States v. BCCI Holdings (Luxembourg), S.A.*,
    833 F. Supp. 32 (D.D.C. 1993), *aff'd* 46 F.3d 1185 (D.C. Cir. 1995) ....................11

*Witt v. Reynolds Metals Co.*, 240 Va. 452 (1990)...........................................................4, 5, 7

*Yates v. Gayle*, Civil A. No. 6:06cv455, 2007 WL 671584 (E.D. Tex. Feb.
    27, 2007) ....................................................................................................................12

**Statutes**

*28 U.S.C. § 1391(a) ...............................................................................................................2

*28 U.S.C. § 1391(b) .......................................................................................................2, 3, 4

28 U.S.C. § 1391(c) .................................................................................................................4

28 U.S.C. § 1391(d) .................................................................................................................8

28 U.S.C. § 1406(a) ..............................................................................................................1, 9

Fed. R. Civ. P. 12(b)(2)......................................................................................................1, 12

Fed. R. Civ. P. 12(b)(3).............................................................................................................1

Fed. R. Civ. P. 17(b) .........................................................................................................1, 12

Fed. R. Civ. P. 21 ..............................................................................................................1, 12

Fed. R. Civ. P. 41(b) ..............................................................................................................12

**Miscellaneous**

4 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1067.5
(Westlaw 2008).................................................................................................6

5A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1321
(Westlaw 2008)...............................................................................................11

14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3805
(Westlaw 2008).................................................................................................8

14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3810
(Westlaw 2008).................................................................................................8

*14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3827
(Westlaw 2008).................................................................................................9

# INTRODUCTION

Blackwater Worldwide; Blackwater USA; Blackwater Lodge and Training Center, Inc. ("Blackwater Lodge"); Blackwater Security Consulting LLC ("Blackwater Security"); Blackwater Armor and Targets LLC ("Blackwater Armor"); Blackwater Airships LLC ("Blackwater Airships"); Blackwater Logistics LLC ("Blackwater Logistics"); Blackwater Canine; Raven Development Group LLC ("Raven Development"); Greystone Limited ("Greystone"); Total Intelligence Solutions, LLC ("Total Intelligence"); Prince Group LLC ("Prince Group"); EP Investments LLC ("EP Investments"); and Erik Prince (collectively, "Defendants"), respectfully submit this Memorandum in Support of Their Motion to Dismiss the Complaint for Lack of Venue and to Dismiss Non-Legal Entities.

This Memorandum establishes grounds for dismissal of the Complaint itself and, in any event, of three named Defendants. First, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), all claims should be dismissed because Plaintiffs committed an obvious error by filing in the wrong court a Complaint that neither alleges venue properly nor satisfies Plaintiffs' burden of establishing that venue is proper. Second, pursuant to three Rules of Federal Civil Procedure—12(b)(2), 17(b), and 21—the claims against Blackwater Worldwide, Blackwater USA, and Blackwater Canine should be dismissed because these purported Defendants are not legal entities, and a suit may not be brought against something that is not a legal entity.

# ARGUMENT

Plaintiffs cite two venue provisions, but neither provides any grounds for venue in this Court. When venue is defective, 28 U.S.C. § 1406(a) authorizes this Court either to dismiss or to

transfer the action. All Defendants that are legal entities reside for venue purposes in Virginia, and venue would therefore be proper in the Eastern District of that State ("E.D. Va."). Here, however, because Plaintiffs have committed an obvious error in suing without even alleging any plausible basis for venue in the District of Columbia, Defendants request that this Court dismiss all claims. Moreover, this Court has independent grounds to dismiss claims against the three nominal Defendants that in fact are not legal entities.

## I.  Plaintiffs' Claims Should Be Dismissed For Lack Of Venue

### A.  Plaintiffs provide no basis for venue in the District of Columbia.

The Complaint fails to establish any basis for venue in this Court. Plaintiffs have the "obligation to institute the action in a permissible forum," and thus bear "the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Here, Plaintiffs rely on two provisions in support of venue in the District of Columbia—28 U.S.C. § 1391(a)(3) and 28 U.S.C. § 1391(b)(2). Cmplt. ¶ 16. As explained below, neither provision is relevant to this case.

The first provision relied on by Plaintiffs applies to actions "founded ***only*** on diversity of citizenship." 28 U.S.C. § 1391(a) (emphasis added). It is inapplicable here because Plaintiffs do not rely only on diversity. Cmplt. ¶ 15 (basing jurisdiction on both diversity and the presence of a federal question); *see Friedman v. Revenue Mgmt. of N.Y., Inc.*, 839 F. Supp. 203, 206 (S.D.N.Y. 1993) (when "[j]urisdiction * * * is based on diversity and a federal question," Section 1391(a) is "irrelevant for the determination of proper venue"), *aff'd* 38 F.3d 668 (2d Cir. 1994). Indeed, this provision cannot apply because this Court has no diversity jurisdiction over this case. *See Eze v. Yellow Cab Co. of Alexandria, Va., Inc.*, 782 F.2d 1064, 1065 (D.C. Cir. 1986) (per curiam) ("A diversity suit, in line with the *Strawbridge* rule, may not be maintained in fed-

eral court by an alien against a citizen of a state and a citizen of some other foreign country.");[2] *see also Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (Posner, J.) (explaining in dicta how such a case does "not fit any of the possibly applicable jurisdictional pigeonholes").

The second provision relied on by Plaintiffs is also inapplicable because it permits suit in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). No property is at issue here, and the alleged "events or omissions" giving rise to Plaintiffs' claims occurred in Iraq, not in the District of Columbia—and not even in the United States, for that matter. Plaintiffs do not allege that *any* of the events giving rise to their claims occurred in the District of Columbia, much less "a substantial part" of them. Therefore, Section 1391(b)(2) provides no basis for venue in this Court. *See Rogers v. Metro. & City Police New Scotland Yard of London*, Civ. A. No. 91-2124 (CRR), 1992 WL 23669, at *1 (D.D.C. Jan. 23, 1992) (finding venue improper in this Court under Section 1391(b)(2) because the "complaint describe[d] no important events giving rise to [plaintiff's] claim which took place in the District of Columbia or property alleged to be located in the District" but rather "describe[d] events occurring mostly in Colorado, California, or overseas").

Accordingly, as Plaintiffs have committed an obvious error in suing without even alleging any plausible basis for venue in this Court, Defendants request that this Court dismiss all claims.

---

[2]    As discussed in Part I.B.3, *infra*, Greystone Limited is an alien corporate Defendant.

## B.  Venue would be proper in the Eastern District of Virginia.

In view of the allegations of the Complaint, venue would be proper in E.D. Va.  Under Section 1391(b)(1)—which Plaintiffs do not cite—venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State."  As demonstrated below, the only State in which all Defendants reside for venue purposes is Virginia, and venue would be proper in E.D. Va.  Nevertheless, Defendants submit that this action should be dismissed, not transferred to E.D. Va., for the reasons given below.  *See* Part I.C, *infra*.

### 1.    The non-alien corporate Defendants

The Defendants who are non-alien corporations reside in Virginia.[3]  For venue purposes, a corporation resides in any judicial district in which "it is subject to personal jurisdiction."  28 U.S.C. § 1391(c).  To be subject to personal jurisdiction in Virginia in this case, each Defendant must have "continuous and systematic" contacts with the State.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (providing the standard for general personal jurisdiction).  This constitutional minimum is the relevant standard, for Virginia law[4] extends general personal jurisdiction as far as the federal Constitution permits.  *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990); *Witt v. Reynolds Metals Co.*, 240 Va. 452, 454-56 (1990).

Each non-alien corporate Defendant has the requisite "continuous and systematic" contacts with the State of Virginia:

---

[3]    These are Blackwater Lodge, Blackwater Security, Blackwater Armor, Blackwater Airships, Blackwater Logistics, Raven Development, Total Intelligence, Prince Group, and EP Investments.  Three Defendants—Blackwater Worldwide, Blackwater USA, and Blackwater Canine—are not legal entities, *see* Part II, *infra*, and thus should not be considered separately for venue purposes.

[4]    Virginia law determines whether Defendants have sufficient contacts with Virginia to support general jurisdiction, and thus to make federal venue proper under Section 1391(b)(1) and Section 1391(c).  *Beech Aircraft Corp. v. EDO Corp.*, Civ. A. No. 90-1518, 1991 WL 133551, at *2 (D.D.C. Feb. 15, 1991) ("Whether personal jurisdiction could be established over [the defendant] in the federal courts of Kansas is determined with reference to Kansas law.").

a.    Prince Group, EP Investments, and Total Intelligence have their respective principal places of business in Virginia. The location of a corporation's principal place of business is conclusive evidence that it is subject to general personal jurisdiction. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952) (finding general personal jurisdiction where the principal place of business had temporarily relocated because of the Second World War); *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 72 (D.D.C. 2005) (finding a corporation subject to personal jurisdiction where its principal place of business was located); *Intranexus, Inc. v. Siemens Med. Solutions Health Servs. Corp.*, 227 F. Supp. 2d 581, 582 n.3 (E.D. Va. 2002) ("[I]t is indisputable that venue would be proper in the Eastern District of Pennsylvania because Defendant has its principal place of business in Pennsylvania and is therefore subject to personal jurisdiction therein pursuant to 28 U.S.C. § 1391(c)."); *LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 813 (E.D. Va. 2001) ("General jurisdiction exists over resident defendants with their principal place of business in the jurisdiction."); *Witt*, 240 Va. at 455 ("A foreign corporation * * * which has its principal place of business in the forum * * * may be subjected to personal jurisdiction there.").

All three Defendants have the requisite contacts, because each has its principal place of business in Virginia. The principal place of business of Prince Group and EP Investments is an approximately 10,000 square feet office located at 1650 Tysons Blvd., McLean, Virginia 22102 ("the McLean Site"). Schmitz Decl., Ex. A, ¶ 4; Prince Decl., Ex. B, ¶ 5. All Prince Group employees work at the McLean Site. Schmitz Decl., Ex. A, ¶ 5. Total Intelligence's principal place of business is nearby at 901 North Glebe, Arlington, Virginia, 22203 ("the Arlington Office"); Total Intelligence also maintains a presence at the McLean Site and at an office in Falls Church, Virginia. Devost Decl., Ex. C, ¶ 4. More than 70% of Total Intelligence's employees reside in

Virginia. *Id.* ¶ 6. Plaintiffs themselves recognize that these Defendants are based in E.D. Va.. Cmplt. ¶¶ 6, 7, 12.

   b.    The remaining non-alien corporate Defendants—Blackwater Lodge, Blackwater Security, Blackwater Armor, Blackwater Airships, Blackwater Logistics, and Raven Development—also reside in Virginia.

   First, several of these Defendants have offices in Virginia. Roitz Decl., Ex. D, ¶¶ 9, 22 (Blackwater Lodge, Blackwater Security); Matthews Decl., Ex. E, ¶ 5 (Blackwater Armor). This fact alone is sufficient to establish that these Defendants are subject to general personal jurisdiction. *Schmidt v. Am. Inst. of Physics*, 322 F. Supp. 2d 28, 32 n.1 (D.D.C. 2004); *see* 4 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1067.5 (Westlaw 2008) ("[T]he defendant must be engaged in longstanding business in the forum state, such as marketing or shipping products, or performing services or ***maintaining one or more offices*** there * * *.") (emphasis added); *see also Helicopteros Nacionales de Colombia*, 466 U.S. at 416 (finding no general jurisdiction and emphasizing that the defendant did "not have a place of business" in the state).

   Second, Blackwater Lodge, Blackwater Security, and Raven Development are authorized to do business in Virginia. Roitz Decl., Ex. D, ¶¶ 7, 20; Matthews Decl., Ex. E, ¶ 17. This is strong evidence that they are subject to general personal jurisdiction within the State. *Helicopteros Nacionales de Colombia*, 466 U.S. at 416 (finding no general jurisdiction and emphasizing that the defendant "never ha[d] been licensed to do business in the State"); *Inversiones Inmobiliarias El Bosque, S.A. v. Transtainer Corp.*, No. Civ. A. 03-0962, 2004 WL 325615, at *3 (E.D. La. Feb. 18, 2004) (finding general personal jurisdiction under both Louisiana law and the federal Constitution where defendant was "authorized to do business in Louisiana, ha[d] appointed

an agent for service of process, ha[d] solicited business in Louisiana, and ha[d] maintained an office in Kenner, Louisiana").

Finally, all of these Defendants have other "continuing and systematic" contacts with the State. Blackwater Lodge is the corporation that leases the McLean Site. Roitz Decl., Ex. D, ¶ 9. Blackwater Lodge and Blackwater Security have a host of contacts that meet the "continuous and systematic" test, including contracts with and frequent visits to the State Department's Office of Acquisition Management, which is located in Arlington, Virginia. *E.g.*, *id.* ¶¶ 7–14, 20–26. Virginia is one of the major places of business for Blackwater Logistics, and a significant amount of its cargo shipments involve Virginia ports. Matthews Decl., Ex. E, ¶ 14. Virginia is also a major place of business for Raven Development, and its business contacts with the State include development of a $10 million auto-auction facility. *Id.* ¶¶ 19–21. Moreover, the non-alien corporate Defendants routinely conduct business in Virginia with clients and strategic partners or owners (including other Defendants and Mr. Prince),[5] including frequent business trips, meetings, and acquisition of government contracts. Roitz Decl., Ex. D, ¶¶ 10, 20–21; Matthews Decl., Ex. E, ¶¶ 6, 10, 15, 20. Taken together, these contacts are more than sufficient to subject each of these Defendants to general personal jurisdiction in Virginia, because it is unquestionable that each Defendant "'has adopted the state as one of its major places of business.'" *Witt*, 240 Va. at 456 (quoting *Ratliff v. Cooper Labs., Inc.*, 444 F.2d 745, 748 (4th Cir. 1971)).

---

[5]    For example, Blackwater Security is a wholly owned subsidiary of Blackwater Lodge, which is a wholly owned subsidiary of EP Investments, which has its principal place of business in McLean, Virginia. Roitz Decl., Ex. D, ¶ 26; *see also* Part I.B.1.a, *supra*. Although establishing general jurisdiction over a parent corporation does not "automatically establish jurisdiction over a wholly owned subsidiary," *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984), courts are more likely to find general jurisdiction in a state where "shareholders reside," *U.S. Gen., Inc. v. Draper City*, No. 2:05-CV-917 TS, 2006 WL 1594184, at *4 (D. Utah June 7, 2006) (relying on an eleven-factor test that includes this point).

### 2.    The individual Defendant (Erik Prince)

An individual defendant resides in the place of his domicile. *King v. Wall & Beaver St. Corp.*, 145 F.2d 377, 378-79 (D.C. Cir. 1944); 14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3805 & n.12 (Westlaw 2008). In determining a person's domicile, courts consider "two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984).

Erik Prince resides in Virginia. Mr. Prince's domicile is in McLean, Virginia, where he lives and intends to continue residing indefinitely. Prince Decl., Ex. B, ¶ 1. Plaintiffs apparently concede the point. Cmplt. ¶ 5 (describing Mr. Prince as "a resident of McLean, Virginia").

### 3.    The alien corporate Defendant

Greystone is organized in Barbados. Burgess Decl., Ex. F, ¶ 3. As an alien, Greystone "may be sued in any district," 28 U.S.C. § 1391(d), including E.D. Va. In determining proper venue in a suit with alien and non-alien defendants, the alien is ignored—"venue is proper in any district in which the suit could have been brought against the non-alien defendants alone." 14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3810 (Westlaw 2008). Here, because all of the other Defendants are subject to general personal jurisdiction in Virginia, venue would be proper in E.D. Va.[6]

---

[6]    Given that Greystone has significant business relationships with Virginia, Burgess Decl., Ex. F, ¶¶ 6–7, it is likely that it has the requisite "continuous and systematic" contacts. An inquiry into Greystone's contacts with Virginia is unnecessary, however, given the company's status as an alien.

## C. Dismissal of all claims is appropriate.

In this case, dismissal—not transfer to E.D. Va.—is appropriate. Because Plaintiffs filed this case in the wrong court, the resolution of venue is governed by 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Id.* Accordingly, this Court has the discretion either to dismiss this action or to transfer it to a district court where venue is proper, namely E.D. Va.

It is appropriate for this Court to dismiss rather than transfer an action when a plaintiff has "committed an obvious error in filing [its] action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (affirming a dismissal for lack of personal jurisdiction). In such a circumstance, it would not serve the interests of justice and judicial economy "simply to transfer [the] action to the proper court, with no cost to" Plaintiffs or Plaintiffs' counsel. *Id.*; *Coté v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986) (Posner, J.) (dismissing rather than transferring an action, even though the statute of limitations had run, because "litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction"). This general rule is also applicable to cases where a plaintiff sues in an obviously improper forum. Although general practice is to transfer a case to a forum where venue is proper, "district courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and * * * similar conduct should be discouraged." 14D WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3827 & n.37 (Westlaw 2008).

Here, the case for dismissal is strong. First, Plaintiffs offer no explanation that is even remotely plausible for venue in this Court. The Complaint cites two venue provisions, which, as discussed above, are facially irrelevant.

Second, Plaintiffs' own allegations regarding the Defendants invariably refer to McLean, Virginia or Moyock, North Carolina, not Washington, D.C. *E.g.*, Cmplt. ¶¶ 5–13. Plaintiffs mention the District of Columbia only in a paragraph seeking discovery in order to show that Defendants "routinely conduct business and enter into contracts in this District." Cmplt. ¶ 14. But this generic assertion (1) alleges nothing concrete, (2) bears no relationship to the venue provisions on which Plaintiffs rely, and (3) is undercut by the fact that even when Plaintiffs allege places where Defendants are registered to do business, they include Virginia and ten other States but *not* the District of Columbia. *Id.* ¶ 19.

Third, Plaintiffs' own allegations suggest that the proper venue is E.D. Va. In the Complaint, Plaintiffs allege (albeit incorrectly) that all Defendants are "owned and personally controlled" by one individual, Mr. Prince, and by two corporations, Prince Group and EP Investments. *Id.* ¶ 14. All three—by Plaintiffs' own admission—reside in Virginia. *Id.* ¶¶ 11 ("Erik Prince, a resident of McLean, Virginia"), 12 ("The Prince Group LLC is * * * located at 1650 Tysons Boulevard, McLean, Virginia, 22102"), 13 ("EP Investments, LLC is located at 1650 Tysons Boulevard, McLean, Virginia, 22102").

Therefore, given the fact that Plaintiffs have made no effort whatsoever to connect their allegations to the venue requirements of federal law or the location of even one of the numerous parties they have named as Defendants, dismissal is appropriate in this case. In the alternative, Defendants request that this Court transfer this case to a court where venue is proper, namely E.D. Va.

## II. Plaintiffs' Claims Against Non-Legal Entities Should Be Dismissed

Three of the named Defendants, moreover—Blackwater Worldwide, Blackwater USA, and Blackwater Canine—are not legal entities, and therefore all claims against them should be dismissed. It is axiomatic that a suit may not be brought against "something that is not a legal entity." 5A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1321 & n.16 (Westlaw 2008). Moreover, an unincorporated corporate division is not a distinct legal entity from the corporation of which it is a part. *E.E.O.C. v. St. Francis Xavier Parochial School*, 77 F. Supp. 2d 71, 75-76 (D.D.C. 1999) (collecting cases that establish this proposition beyond contradiction), *aff'd* 254 F.3d 315 (D.C. Cir. 2000). As one district court said, expressing surprise that a plaintiff sued both a corporation and one of its unincorporated divisions: "counsel must be aware, however, that by definition a corporate division is not a separate legal entity and hence is not suable." *Salzstein v. Bekins Van Lines, Inc.*, 747 F. Supp. 1281, 1282 n.1 (N.D. Ill. 1990); *see also United States v. BCCI Holdings (Luxembourg), S.A.*, 833 F. Supp. 32, 38-39 (D.D.C. 1993) (collecting "cases which hold that unincorporated divisions of a parent corporation cannot be indicted or sued"), *aff'd* 46 F.3d 1185 (D.C. Cir. 1995).

"Blackwater Canine" is a division of Blackwater Lodge, a named Defendant in this case. Roitz Decl., Ex. D, ¶ 17. "Blackwater Worldwide" and "Blackwater USA" are merely doing-business-as ("d/b/a") names. Blackwater Lodge is among the corporate entities that use "Blackwater Worldwide," and Blackwater Lodge has registered "Blackwater USA" as its d/b/a name. Roitz Decl., Ex. D, ¶ 16. Plaintiffs themselves acknowledge in the Complaint that Blackwater USA "is an assumed name under which Defendants [sic] Blackwater Lodge and Training Center, Inc. conducts business." Cmplt. ¶ 11.

This Court may dismiss the claims against the non-legal-entity Defendants on any one of several grounds. First, pursuant to Fed. R. Civ. P. 17(b), this Court may dismiss because the non-legal entities lack the capacity to be sued. *Yates v. Gayle*, Civil A. No. 6:06cv455, 2007 WL 671584, at *4 (E.D. Tex. Feb. 27, 2007); *see also* Fed. R. Civ. P. 41(b) (permitting a defendant to move dismissal for plaintiff's failure to comply with any rule—here, Rule 17(b)).

Second, pursuant to Fed. R. Civ. P. 21, this Court may dismiss for misjoinder of non-legal entities. *Minn. Mining & Mfg. Co. v. Rynne*, 661 F.2d 722, 724 (8th Cir. 1981) (per curiam) (upholding dismissal of a corporate defendant pursuant to Rule 21 where all that remained was a name without separate officers, assets, or liabilities).

Third, pursuant to Fed. R. Civ. P. 12(b)(2), this Court could dismiss because, as a matter of course, it is impossible for a non-legal entity to have independent contacts with ***any*** jurisdiction sufficient to establish personal jurisdiction.

There is therefore no reason not to and every reason for this Court to dismiss the non-legal entities—whichever Rule the Court may choose to apply.

\* \* \* \* \*

WHEREFORE, Defendants respectfully request that the Court grant their Motion and enter an order dismissing the claims against the non-legal entities and dismissing the Complaint in its entirety; or, in the alternative, dismissing the claims against the non-legal entities and transferring the remaining claims to the U.S. District Court for the Eastern District of Virginia.

Respectfully submitted,

/s/ Michael Lackey
Michael Lackey  (#443362)
Andrew Pincus (#370726)
Peter White  (#468746)
MAYER BROWN LLP
1909 K Street, N.W.

12

Washington, D.C. 20006
(202) 263-3000
*Counsel for Defendants*

Dated: January 22, 2008

## CERTIFICATE OF SERVICE

I, Peter White, an attorney, certify that on January 22, 2008, I caused true and correct copies of the foregoing Motion to Dismiss, the Memorandum and its supporting documents, and the attached Proposed Order to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this manner:

William T. O'Neil (426107)
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 971-5058

In addition, on this same date, I caused the above-mentioned Motion, Memorandum, supporting documents, and Proposed Order to be served upon the following counsel of record via first-class mail:

Michael A. Ratner
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6439

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
(248) 594-9595

/s/ Peter White
Peter White

MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF ALI HUSSAMALDEEN ALBAZZAZ, *et al.* | ) ) ) | Civil Case No. **07-CV-02273 (RBW)** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BLACKWATER WORLDWIDE, *et al.* | ) ) | |
| Defendants. | ) ) | |

## ORDER

In accordance with the Memorandum Opinion that is being issued contemporaneously with this Order, it is hereby

ORDERED that Defendants' Motion to Dismiss the Complaint for Lack of Venue and to Dismiss Non-Legal Entities is granted.  It is further

ORDERED that all claims against Blackwater Worldwide, Blackwater USA, and Blackwater Canine be dismissed because these Defendants are not legal entities.  It is further

ORDERED that all claims against the remaining Defendants be dismissed for lack of venue.

SO ORDERED on this ___ day of _____, 200_.

_____

Reggie B. Walton
United States District Court Judge

Michael Lackey  (#443362)
Andrew Pincus (#370726)
Peter White  (#468746)
MAYER BROWN LLP

William T. O'Neil (#426107)
Susan L. Burke (#414939)
Elizabeth M. Burke
Katherine R. Hawkins

1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

BURKE O'NEIL LLC
1718 20th Street
Washington, DC 20009
(202) 232-5504

Michael A. Ratner
Vincent Warren
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6439

Shereef Hadi Akeel
AKEEL & VALENTINE, P.C.
401 South Old Woodward Avenue
Suite 430
Birmingham, MI 48009
(248) 594-9595

*Counsel for Plaintiffs*

Dated:

EXHIBIT A


DECLARATION OF JOSEPH SCHMITZ

DECLARATION OF JOSEPH E. SCHMITZ

I, Joseph E. Schmitz, subject to penalty of perjury, state the following:

1. I am Chief Operating Officer and General Counsel of Prince Group LLC ("Prince Group"). I have held these positions since September 2005.

2. I am submitting this Declaration to describe the contacts that Prince Group has with the Commonwealth of Virginia.

3. Prince Group is a Michigan Limited Liability Corporation (EIN 38-3382187), and was incorporated on November 26, 1997.

4. Prince Group's principal place of business is at 1650 Tysons Blvd., McLean, Virginia 22102 ("the McLean Site"). Prince Group's principal place of business has been located in McLean, Virginia, since August 2000.

5. All of Prince Group's employees work at the McLean Site, and none reside in the District of Columbia.

6. Prince Group conducts business with numerous entities located in Virginia.

7. Prince Group's contacts with Virginia are predominantly with the Eastern District of Virginia.

I have provided this Declaration for use in the *Abtan et al. v. Blackwater Worldwide et al.* and *Albazzaz et al. v. Blackwater Worldwide et al.* lawsuits, both of which I understand are pending in federal court in the District of Columbia.

I declare under penalty of perjury that the foregoing are true and correct.

Executed on: 22 January '08    Signature: _____

Print Name: Joseph E. Schmitz

# EXHIBIT B

# DECLARATION OF ERIK PRINCE

## DECLARATION OF ERIK PRINCE

I, Erik Prince, subject to penalty of perjury, state the following:

1.    I reside in McLean, Virginia. I live in Virginia year-round, own property here, am registered to vote here, and have a Virginia drivers' license. I currently intend to continue living in Virginia indefinitely.

2.    Since 1998 I have been President of EP Investments LLC ("EP Investments").

3.    I am submitting this Declaration to describe the contacts that EP Investments has with the State of Virginia.

4.    EP Investments is a Delaware Limited Liability Corporation (EIN 51-0387381) and was incorporated on May 19, 1998.

5.    EP Investments' principal place of business is its office at 1650 Tysons Blvd., McLean, Virginia 22102 ("the McLean Site"). EP Investments' principal place of business has been in McLean, Virginia, since August 2000.

6.    EP Investments' contacts with Virginia are predominantly with the Eastern District of Virginia. I reside in the Eastern District of Virginia.

I have provided this Declaration for use in the *Abtan et al. v. Blackwater Worldwide et al.* and *Albazzaz et al. v. Blackwater Worldwide et al.* lawsuits, both of which I understand are pending in federal court in the District of Columbia.

I declare under penalty of perjury that the foregoing are true and correct.

Executed on:  22 Jan '08     Signature: _____

                              Print Name:  Erik Prince

EXHIBIT C


DECLARATION OF MATTHEW DEVOST

## DECLARATION OF MATTHEW DEVOST

I, Matthew Devost, subject to penalty of perjury, state the following:

1.  I am President of Total Intelligence Solutions, LLC ("Total Intelligence"), a position I have held for approximately 1 year. I work in Arlington, Virginia, and I live in Ashburn, Virginia.

2.  I am submitting this Declaration to describe the contacts that Total Intelligence has with the State of Virginia.

3.  Total Intelligence is a Delaware Limited Liability Corporation (EIN 01-0878747) and was incorporated on November 28, 2006.

4.  Total Intelligence's principal place of business is its office at 901 North Glebe, Arlington, Virginia, 22203. This has been the principal place of business for Total Intelligence since it was incorporated. Total Intelligence also maintains an office at 1650 Tysons Blvd., McLean, Virginia 22102. In addition, Total Intelligence has employees working at an office in Falls Church, Virginia.

5.  Total Intelligence has contracts with Virginia-based entities and persons, including members of the Virginia House of Delegates, Fairfax County Police, Northern Virginia Criminal Justice Academy, and local businesses. For example, Total Intelligence has a significant vendor relationship with a Fairfax, Virginia corporation.

6.  Over 70% of Total Intelligence employees reside in Virginia.

7.  Total Intelligence's contacts with Virginia are predominantly with the Eastern District of Virginia.

I have provided this Declaration for use in the *Abtan et al. v. Blackwater Worldwide et al.* and *Albazzaz et al. v. Blackwater Worldwide et al.* lawsuits, both of which I understand are pending in federal court in the District of Columbia.

I declare under penalty of perjury that the foregoing are true and correct.

Executed on: 1/22/08      Signature: _____

Print Name: _MATTHEW DEVOST_

EXHIBIT D

DECLARATION OF FRED ROITZ

DECLARATION OF FRED ROITZ

I, Fred Roitz, subject to penalty of perjury, state the following:

1.    I am Secretary and Vice President for contracts and compliance of Black-water Lodge and Training Center, Inc. ("Blackwater Lodge"), and I have held these positions for three years.  I have principal responsibility for government contracting.

2.    Blackwater Lodge is the manager of Blackwater Security Consulting LLC ("Blackwater Security"), which is its wholly owned subsidiary.

3.    My office is located at Moyock, North Carolina, and I live in Yorktown, Virginia.

4.    I am submitting this Declaration to describe the contacts that Blackwater Lodge and Blackwater Security have with the State of Virginia.

BLACKWATER LODGE

5.    Blackwater Lodge is a Delaware S Corporation (EIN 52-2009526) and was incorporated on December 26, 1996.

6.    Blackwater Lodge's business primarily consists of training and govern-ment contracting.  Blackwater Lodge manages Blackwater Security.

7.    Blackwater Lodge is licensed to do business in Virginia, has appointed an agent for service of process within the State, and pays Virginia corporate and franchise income taxes.

8.    Blackwater Lodge conducts business in Virginia, and the State is one of its major places of business.

9.    Blackwater Lodge maintains a Virginia office.  This office is located at 1650 Tysons Blvd., McLean, Virginia 22102 ("the McLean Site").  The McLean Site is a 10,000 square-foot facility leased by Blackwater Lodge. Blackwater Lodge has maintained an office in Virginia since shortly after inception of the company.

10.    Personnel at Blackwater Lodge's headquarters, in Moyock, North Caro-lina, are in regular contact by phone, fax, email, and mail with the McLean

Site. Blackwater Lodge officers routinely conduct business in Virginia with clients and strategic partners.

11.     Blackwater Lodge engages in contract acquisition activities in Virginia, including numerous government contracts.

12.     Blackwater Lodge derives significant revenue from contracts with government acquisition offices in Virginia. At present, these include contracts, worth over $300 million annually, issued by the Office of Acquisition Management ("OAM"), which is the principal procurement office for the Department of State and is located at Rosslyn Station in Arlington, Virginia. These contracts were signed by government acquisition officials who work in Virginia and were signed at government offices in Virginia. Further, Blackwater Lodge's client contacts, within the United States, that are related to these contracts are primarily with persons and offices in Virginia.

13.     The contracts described in Paragraph 12 represent the majority of Blackwater Lodge's revenues. For the past three years, the majority of Blackwater Lodge's revenues have come from contracts with and overseen by the government acquisition office named in Paragraph 12.

14.     Blackwater Lodge's ownership is based in Virginia. Blackwater Lodge is a wholly owned subsidiary of EP Investments LLC, which has its principal place of business at the McLean Site.

15.     Blackwater Lodge's contacts with Virginia are predominantly with the Eastern District of Virginia.

16.     "Blackwater Worldwide" and "Blackwater USA" are doing-business-as ("d/b/a") names only. Blackwater Lodge is among the corporate entities that use "Blackwater Worldwide" and Blackwater Lodge has registered "Blackwater USA" as its fictitious business name.

17.     Blackwater Canine is a division of Blackwater Lodge. It is not registered as a corporation and has no independent legal existence. Blackwater Canine and the other divisions of Blackwater Lodge share corporate assets (e.g., Human Resources Department, Information Technology Department, Accounting, Logistics) and report to the same executive officers.

BLACKWATER SECURITY

18.  Blackwater Security is a Delaware Limited Liability Corporation (EIN 45-0473998) and was incorporated on January 22, 2002.

19.  Blackwater Security's business primarily consists of providing individually retained private security providers who support United States government contracts overseas.

20.  Blackwater Security is licensed to do business in Virginia, has appointed an agent for service of process within the state, and pays Virginia corporate and franchise income taxes.

21.  Blackwater Security conducts business in Virginia, and the state is one of its major places of business.

22.  Blackwater Security maintains an office at the McLean Site.  (The McLean Site is leased by its parent corporation, Blackwater Lodge.) Blackwater Security has maintained an office in Virginia since 2002.

23.  Blackwater Security engages in contract acquisition activities in Virginia, including numerous classified contracts.

24.  Blackwater Security derives significant revenue from contracts with government acquisition offices in Virginia, particularly from its classified contracts of significant annual value.  These contracts were signed by government acquisition officials who work in Virginia and were signed at government offices in Virginia.  Further, Blackwater Security's client contacts, within the United States, that are related to these contracts are primarily with persons and offices in Virginia.

25.  The contracts listed in Paragraph 24 represent a significant portion of Blackwater Security's revenues.  For the past three years, the majority of Blackwater Security's revenues have come from contracts with and overseen by the government acquisition offices mentioned in Paragraph 24, as well as subcontracts the prime for which is the government acquisition office named in Paragraph 12.

26.  Blackwater Security's ownership is based in Virginia.  Blackwater Security is a wholly owned subsidiary of Blackwater Lodge, which is in turn a wholly owned subsidiary of EP Investments LLC, which has its principal place of business at the McLean Site.

27.    Blackwater Security's contacts with Virginia are predominantly with the Eastern District of Virginia.

I have provided this Declaration for use in the *Abtan et al. v. Blackwater Worldwide et al.* and *Albazzaz et al. v. Blackwater Worldwide et al.* lawsuits, both of which I understand are pending in federal court in the District of Columbia.

I declare under penalty of perjury that the foregoing are true and correct.

Executed on:  __1/22/08__         Signature: _____

                                 Print Name:  __FRED ROITZ__

4

EXHIBIT E

DECLARATION OF WILLIAM MATTHEWS

## DECLARATION OF WILLIAM MATTHEWS

I, William Matthews, subject to penalty of perjury, state the following:

1.  I am Executive Vice President of Blackwater Lodge and Training Center, Inc. ("Blackwater Lodge"), and I am a designated manager for Blackwater Armor and Targets LLC ("Blackwater Armor"); Blackwater Airships LLC ("Blackwater Airships"); Blackwater Logistics LLC ("Blackwater Logistics"); and Raven Development Group LLC ("Raven Development"). I have been a designated manager for Blackwater Armor, Blackwater Airships, and Blackwater Logistics for two years; and for Raven Development for three years. My office is located in Moyock, North Carolina, and I live in Chesapeake, Virginia.

2.  I am submitting this Declaration to describe the contacts that Blackwater Armor, Blackwater Airships, Blackwater Logistics, and Raven Development have with the State of Virginia.

### BLACKWATER ARMOR

3.  Blackwater Armor is a Delaware Limited Liability Corporation (EIN 83-0440520) and was incorporated on October 16, 2005.

4.  Blackwater Armor's business primarily consists of sales of firearms-range target systems and armored vehicles.

5.  Blackwater Armor maintains an office at 1650 Tysons Blvd., McLean, Virginia 22102 ("the McLean Site"). Blackwater Armor has maintained an office in Virginia since its incorporation.

6.  Personnel at Blackwater Armor's headquarters, in Moyock, North Carolina, are in regular contact by phone, fax, email, and mail with the McLean Site. Officers from Blackwater Armor's headquarters in Moyock, North Carolina routinely conduct business in Virginia with clients and strategic partners.

7.  Blackwater Armor's contacts with Virginia are predominantly with the Eastern District of Virginia.

BLACKWATER AIRSHIPS

8.   Blackwater Airships is a Delaware Limited Liability Corporation (EIN 52-2009526) and was incorporated on January 6, 2006.

9.   Blackwater Airships' business primarily consists of design and development of remotely piloted airships.

10.  Personnel at Blackwater Airships' facilities in Moyock, North Carolina, are in regular contact by phone, fax, email, and mail with the McLean Site.  Officers from Blackwater Airships' headquarters in Moyock, North Carolina routinely conduct business in Virginia with clients and strategic partners.

11.  Blackwater Airships' contacts with Virginia are predominantly with the Eastern District of Virginia.

BLACKWATER LOGISTICS

12.  Blackwater Logistics is a Delaware Limited Liability Corporation (EIN 20-4940466) and was incorporated on May 16, 2006.

13.  Blackwater Logistics' business primarily consists of freight forwarding.

14.  Blackwater Logistics conducts business in Virginia, and the state is one of Blackwater Logistics' major places of business, as a significant amount of the cargo shipments conducted by Blackwater Logistics involve ports and terminals in the Eastern District of Virginia.

15.  Personnel at Blackwater Logistics' headquarters, in Moyock, North Carolina, are in regular contact by phone, fax, email, and mail with the McLean Site.  Officers from Blackwater Logistics' headquarters in Moyock, North Carolina routinely conduct business in Virginia with clients and strategic partners.

16.  Blackwater Logistics' contacts with Virginia are predominantly with the Eastern District of Virginia.

RAVEN DEVELOPMENT

17.  Raven Development is a Delaware Limited Liability Corporation (EIN 52-2398747) and was incorporated on September 3, 2004.  Raven Development is authorized to do business in Virginia.

2

18.    Raven Development's business primarily consists of industrial, commercial, and residential construction.

19.    Raven Development conducts business in Virginia, and the state is one of Raven Development's major places of business.

20.    Personnel at Raven Development's headquarters, in Moyock, North Carolina, are in regular contact by phone, fax, email, and mail with the McLean Site. Officers from Raven Development's headquarters in Moyock, North Carolina routinely conduct business in Virginia with clients and strategic partners.

21.    Raven Development engages in contract acquisition activities in Virginia, including development of a $10M auto auction facility.

22.    Raven Development's ownership is based in Virginia. Raven Development is a wholly owned subsidiary of EP Investments LLC, which has its principal place of business at the McLean Site.

23.    Raven Development's contacts with Virginia are predominantly with the Eastern District of Virginia.

I have provided this Declaration for use in the *Abtan et al. v. Blackwater Worldwide et al.* and *Albazzaz et al. v. Blackwater Worldwide et al.* lawsuits, both of which I understand are pending in federal court in the District of Columbia.

I declare under penalty of perjury that the foregoing are true and correct.

Executed on:   1/22/08      Signature:   _William Mathews_

Print Name:   WILLIAM MATHEWS

3

# EXHIBIT F

# DECLARATION OF CHRISTOPHER BURGESS

DECLARATION OF CHRISTOPHER BURGESS

I, Christopher Burgess, subject to penalty of perjury, state the following:

1.    I am Managing Director of Greystone Limited ("Greystone"), a position I have held for three years.  I have principal responsibility for directing and overseeing all operations of Greystone.  My office is located in Moyock, North Carolina, and I live in Norfolk, Virginia.

2.    I am submitting this Declaration to attest to Greystone's incorporation in Barbados and to describe its contacts with the State of Virginia.

3.    Greystone was incorporated in Barbados in 2004 and complies with relevant Barbados law.

4.    Greystone's primary U.S. office is in Moyock, North Carolina.

5.    Greystone's business primarily consists of providing security services and products worldwide.

6.    Greystone derives the majority of its U.S. revenues from its role as a subcontractor on a contract with the Office of Acquisition Management ("OAM") (the principal procurement office for the Department of State), which is located at Rosslyn Station in Arlington, Virginia.  Greystone's client contacts, within the United States, that are related to these contracts are primarily with persons and offices in Virginia.

7.    For the past four years, the majority of Greystone's revenues have come from its role in contracts with and overseen by OAM, as described in Paragraph 6.

8.    Greystone's contacts with Virginia are predominantly with the Eastern District of Virginia.

I have provided this Declaration for use in the *Abtan et al. v. Blackwater Worldwide et al.* and *Albazzaz et al. v. Blackwater Worldwide et al.* lawsuits, both of which I understand are pending in federal court in the District of Columbia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _21 JAN 08_      Signature: _____

Print Name: _CHRIS BURGESS_