**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ESTATE OF HIMOUD SAED ABTAN**, *et al.* | ) | |
| | ) | Civil Case No. **1:07-cv-01831 (RBW)** |
| Plaintiffs, | ) | (Lead Case) |
| | ) | |
| v. | ) | |
| | ) | |
| **BLACKWATER LODGE AND TRAINING** | ) | |
| **CENTER**, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| **ESTATE OF ALI HUSSAMALDEEN** | ) | |
| **ALBAZZAZ**, *et al.* | ) | |
| | ) | Civil Case No. **07-cv-02273 (RBW)** |
| Plaintiffs, | ) | (Consolidated Case) |
| | ) | |
| v. | ) | |
| | ) | |
| **BLACKWATER LODGE AND TRAINING** | ) | |
| **CENTER**, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT IN CASE NO. 1:07-CV-01831

Plaintiffs have moved for leave to file yet another complaint—the fourth to date—in Case

Number 1:07-cv-01831, *Estate of Himoud Saed Abtan et al. v. Blackwater Worldwide et al.* (*see*

Motion For Leave To File An Amended Complaint ("Motion"), Dkt. No. 30), seeking to add a

count for "tortious spoliation of evidence" (Third Am. Cmplt. ¶¶ 125-129). Plaintiffs' proposed

Third Amended Complaint contains groundless allegations of spoliation and improper destruc-

tion of evidence relating to (1) the government-authorized repair of damaged security vehicles in

Iraq shortly after September 16, 2007, and (2) the supposed shredding of certain unidentified documents in North Carolina. *Id.* ¶¶ 80-93. Because of the pendency of a motion to dismiss based on improper venue, Plaintiffs' Motion to Amend should be denied without prejudice or deferred until after the Court resolves the venue issue.

At the outset, Defendants feel compelled to respond to Plaintiffs' brief, but inaccurate, incomplete, and misleading, account of correspondence between the parties before this Motion was filed. *See* Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to File a Third Amended Complaint ("Memorandum") at 1 & n.1. Rather than burden the Court by drawing attention to all the omissions and inaccuracies in Plaintiffs' description of the events leading to the filing of this Motion, Defendants attach to this Opposition an email chain between counsel regarding this issue and invite the Court to review it. *See* Ex. A (White Decl.) ¶ 2 & Attach. 1.

As that correspondence makes clear, Defendants addressed Plaintiffs' allegations and, to the extent Plaintiffs thought otherwise, this discovery-related dispute was poised for an in-Chambers, nonpublic, hearing with the Court, in accordance with the Court's standing order. *See* General Order And Guidelines For Civil Cases (ECF) ¶ 8 (Walton, J.). Private resolution in consultation with Chambers also would have been consistent with the Court's previous admonition to avoid improper publicity. *See* Order, Dkt. No. 8. Without explanation, Plaintiffs abruptly abandoned this approach and elected instead to file this Motion on the public docket. Plaintiffs' decision to file an amended complaint, rather than pursue an in-Chambers resolution of any lingering concerns, is particularly perplexing in light of the fact that Defendants' motion to dismiss for lack of venue is pending before the Court. *See* Dkt. No. 20. In addition, Plaintiffs' proposed spoliation count: (1) is insufficiently pleaded because it is based on only rank speculation rather

than information or a good-faith belief,[1] (2) is based on information Plaintiffs were aware of before they filed their last Motion to Amend the complaint,[2] (3) alleges a tort that, as pleaded, is not recognized by D.C. law,[3] and (4) as the context in which it was brought suggests, arguably is not brought in good faith.[4]  These deficiencies provide ample grounds for this Court to deny

---

[1]  Plaintiffs make their sensational allegations based on nothing more than the legally insufficient proviso that their charges are "likely" to be established by "reasonable discovery."  *See, e.g.,* Third Am. Cmplt. ¶¶ 80-88, 90-93.  Thus, Plaintiffs hope that a fishing expedition during discovery will land something to support the charges, but at present apparently lack sufficient information or a good-faith belief to proceed.  This defect aside, the proposed spoliation count is fatally deficient because it fails to plead a nexus between the documents allegedly destroyed or the repairs made and this litigation.  As for the March 2008 document-destruction claim (which Defendants investigated and found to have no basis), Plaintiffs do not allege that the documents allegedly destroyed had anything to do with this litigation, which involves events that took place in September 2007, events that have been, and were, the subject of ongoing, comprehensive investigations by several governmental agencies long before March 2008.  Instead, Plaintiffs retreat behind the inadequate assertion that the documents "related to the company's" unspecified "criminal and civil legal exposures."  *Id.* ¶ 92.  With respect to the repair of the vehicles, which occurred well before this suit was filed, Plaintiffs do not allege facts that might support an inference that the repairs were done with this litigation in mind, but claim only—and contrary to the facts—that the repairs were completed without a "business need or rationale."  *Id.* ¶¶ 84-87.

[2]  *Compare* Dkt. No. 17, March 28, 2008 (Plaintiffs' motion for leave to file a Second Amended Complaint), *with* Mem. at 1 n.1 ("Upon receiving the allegations of spoliation on March 18, 2008 * * *.").

[3]  Plaintiffs offer no support for their assertion that alleged spoliation occurring in Iraq and North Carolina is governed by D.C. law.  Assuming *arguendo* that local law applies, spoliation does not constitute an independent tort in D.C., unless the alleged spoliator has a "special relationship" that creates a "duty to preserve the evidence" beyond simply being a party to the underlying civil suit.  *See Holmes v. Amerex Rent-A-Car*, 710 A.2d 846, 849-50 (D.C. 1998) (finding a "special relationship" because of a contractual agreement to preserve specific evidence).  Rather, the ordinary course for dealing with allegations of spoliation between the parties to the underlying civil suit is through the discovery process.  *See Williams v. Wash. Hosp. Ctr.*, 601 A.2d 28, 31 (D.C. 1991); *Battocchi v. Wash. Hosp. Ctr.*, 581 A.2d 759, 766-67 (D.C. 1990); *see also Mazloum v. District of Columbia Metro. Police Dep't*, 522 F. Supp. 2d 24, 55-57 (D.D.C. 2007).

[4]  The context in which this filing arose and its significant weaknesses suggest that this Motion was brought merely to inject sensational and unfounded allegations into the public record that could further taint the jury pool against Defendants.  Rather than risk an unpublicized resolution by this Court in Chambers, Plaintiffs' public filing generated national press coverage within minutes of its being filed late Friday evening, on April 25, 2008.  An article appeared on the

(cont'd)

Plaintiffs' Motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment").

In any event, the failings of Plaintiffs' Motion under Federal Rule of Civil Procedure 15(a)(2) are beside the point at this stage of the litigation. In light of the pending request to dismiss or transfer the case on venue grounds, the Motion should be denied without prejudice or deferred until the venue issue is decided. The issue of improper venue has now been fully briefed for a second time, after another amendment to the complaint by Plaintiffs. *See* Dkt. Nos. 20, 22, 31. Defendants' motion to dismiss or to transfer the case to the Eastern District of Virginia is ripe for decision.

Moreover, Plaintiffs will suffer no hardship if their request to file this fourth complaint is denied without prejudice or deferred until the venue issue is settled. If the Court dismisses the case on venue grounds, Plaintiffs will retain the option of filing a complaint, with the new count included, where venue is proper. If the Court instead transfers the case to the Eastern District of Virginia, Plaintiffs can ask that Court for leave to add the spoliation count. Finally, if the Court denies Defendants' venue motion, Plaintiffs can renew their request to file a fourth complaint with this Court.

---

(… cont'd)

Internet entitled "Iraqis Accuse Blackwater Of Shredding Documents" almost simultaneously with the filing. Over the following weekend, this story was repeated widely in the press. *See, e.g.*, Ex. A (White Decl.) ¶ 3 & Attach. 2 (attaching articles).

If, on the other hand, the Court grants Plaintiffs' Motion, and Plaintiffs do file a fourth complaint,[5] the parties will have to complete yet again another round of briefing on the venue issue, resulting in additional and unnecessary expense.  The time spent by the Court considering Plaintiffs' Motion, moreover, will be wasted if the Court later renders a ruling in Defendants' favor on the venue issue.

In sum, there is no reason to consider Plaintiffs' Motion at present, whereas there are substantial reasons to decide the pending venue issue first.  Defendants therefore respectfully request that the Court DENY the Motion without prejudice or DEFER consideration of the Motion until the venue issue is decided.

Respectfully submitted,

/s/ Michael Lackey
Michael Lackey  (#443362)
Andrew Pincus (#370726)
Peter White  (#468746)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

Dated: May 7, 2008

---

[5]   Defendants note in this regard that Plaintiffs have still not yet filed an Amended Complaint in *Albazzaz*, even though Defendants drew attention to this fact about a month ago.  *See* Defendants' Motion to Dismiss for Lack of Venue the Second Amended Complaint in Case No. 1:07-CV-01831 and the Amended Complaint in Case No. 07-CV-02273 at 2, Dkt. No. 20.

# CERTIFICATE OF SERVICE

I, Peter White, an attorney, certify that on May 7, 2008, I caused true and correct copies of the foregoing Defendants' Memorandum of Point and Authorities in Opposition to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who have registered for receipt of documents filed in this manner:

Shereef Hadi Akeel (admitted *pro hac vice*)
AKEEL & VALENTINE, PLC
888 West Big Beaver
Suite 910
Troy, MI 48084
(248) 269-9595

Susan L. Burke (414939)
William T. O'Neil (426107)
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
(215) 971-5058

In addition, on this same date, I caused the above-mentioned Notice to be served upon the following counsel of record via first-class mail:

Michael A. Ratner
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6439

/s/ Peter White
Peter White
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ESTATE OF HIMOUD SAED ABTAN**, *et al.* | ) | |
| | ) | Civil Case No. **1:07-cv-01831 (RBW)** |
| Plaintiffs, | ) | (Lead Case) |
| | ) | |
| v. | ) | |
| | ) | |
| **BLACKWATER LODGE AND TRAINING CENTER**, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| **ESTATE OF ALI HUSSAMALDEEN ALBAZZAZ**, *et al.* | ) | |
| | ) | |
| | ) | Civil Case No. **07-cv-02273 (RBW)** |
| Plaintiffs, | ) | (Consolidated Case) |
| | ) | |
| v. | ) | |
| | ) | |
| **BLACKWATER LODGE AND TRAINING CENTER**, *et al.* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DECLARATION OF PETER H. WHITE

Peter H. White hereby declares as follows:

1.   My name is Peter H. White and I am counsel for Defendants in the above-captioned matters.

2.   Attached hereto as Attachment 1 is a true and correct copy of an email chain between Plaintiffs' and Defendants' counsel in this matter regarding the allegations that are the subject of Plaintiffs' Motion For Leave To File An Amended Complaint, Dkt. No. 30, and Plaintiffs' associated filings.

3.    Attached hereto as Attachment 2 are true and correct copies of news articles published on the Internet between Friday, April 25, 2008 and Monday, April 28, 2008, relating to Plaintiffs' Motion For Leave To File An Amended Complaint, Dkt. No. 24, and Plaintiffs' associated filings.

4.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on May 7, 2008 in Washington D.C.


_____

Peter H. White  (#468746)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3000

*Counsel for Defendants*

# Attachment 1

## White, Peter

| | |
|---|---|
| **From:** | White, Peter |
| **Sent:** | Tuesday, April 08, 2008 3:03 PM |
| **To:** | sburke@burkeoneilllc.com; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E. |
| **Subject:** | RE: Destruction of documents - response requested |

I'm starting a trial on Friday so my schedule is a bit tight, but I can do a call this Thursday at 3:30 or later or next Thursday before noon. Let us know what Judge Walton's schedule allows.

Pete

-----Original Message-----
From: Susan Burke [mailto:sburke@burkeoneilllc.com]
Sent: Tuesday, April 08, 2008 12:10 PM
To: White, Peter; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: Re: Destruction of documents - response requested

Thank you for your timely response.  Please provide us your availabilities for a call with chambers.
Susan L. Burke
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
215.487.6596
215.971.5058 (cell)
215.482.0874 (fax)

This message may contain privileged and confidential information.  If you are not the intended recipient, please alert me and delete the message.
Thank you.

-----Original Message-----
From: "White, Peter" <PWhite@mayerbrown.com>

Date: Tue, 8 Apr 2008 10:52:47
To:"Susan Burke" <sburke@burkeoneilllc.com>, "De, Raj" <RDe@mayerbrown.com>,
"Pincus, Andrew J." <APincus@mayerbrown.com>,        "Lackey, Jr., Michael E."
<MLackey@mayerbrown.com>
Subject: RE: Destruction of documents - response requested


Susan,

Thanks for your message.

In your first point, many of the documents you request subject to the attorney-client privilege and/or to work product protection.  Moreover, any depositions or other document discovery would be premature given the current procedural posture of this case, where discovery is not yet permitted and the court's jurisdiction even to hear this case is seriously in question and is being briefed.

As to your request for more information about why the vehicles were repainted and repaired, we have previously explained to you that their repainting was authorized by the State Department and that they were repainted for operational security reasons.  Moreover, the repainting and repair of the vehicles occurred well before this lawsuit was filed, so any spoliation claim is spurious.

Finally, as we have told you previously, our client takes its document preservation obligations seriously and has taken appropriate steps in this matter.  As you are aware, Blackwater is cooperating fully with the federal authorities investigating this matter and as such has preserved and produced evidence requested there.  When you brought allegations of potential document destruction to our attention, we immediately conducted a

full investigation of your claims and found no evidence to corroborate your allegations.
These circumstances provide additional assurances to you that reasonable preservation
steps have been taken.

Absent other specific allegations of preservation problems -- which you have not disclosed
to us -- there is simply no good-faith basis for you to seek judicial intervention at this
point.  Similarly, there is no basis for the wide-ranging, and premature, discovery you
seek.  If there is specific, non-privileged, information that would provide additional
assurances to you about Blackwater's preservation efforts, please let us know what that is
and we will consider your request.  We trust that before you file any motion for
discovery, you will comply with your obligation pursuant to paragraph 8 on page 6 of Judge
Walton's "General Order and Guidelines in Civil Cases" (attached for your convenience) to
contact chambers and arrange for a teleconference with the Court.  We would also like to
raise to your attention Judge Walton's accompanying policy regarding sanctions against
non-prevailing attorneys.

Regards,

Pete


----------------
 From: Susan Burke [mailto:sburke@burkeoneilllc.com]
Sent: Monday, April 07, 2008 7:15 AM
To: White, Peter; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: RE: Destruction of documents - response requested




We need the following information:  1.  all documents relating to retention or destruction
of records (e.g. existing policies on preservation of records, hold notices);
2.  all documents relating to the repainting of Blackwater vehicles located in Iraq,
including, but not limited to, communications with KBR regarding scheduling such
repaintings; and
3.  six depositions on the issue of spoliation, including a 30(b)(6) witness.

Please advise if you are willing to provide us this information by noon on Tuesday, April
8, 2008.  Thank you.


Susan L. Burke
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
215.487.6596 (office)
215.971.5058 (cell)



From: White, Peter [mailto:PWhite@mayerbrown.com]
Sent: Friday, April 04, 2008 10:33 AM
To: sburke@burkeoneilllc.com; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: Re: Destruction of documents - response requested

Susan

Could you let me know exactly what it is you want to know from us?  If you do want to work
this out, I'll need that to have a meaningful discussion with my client regarding your
proposal. Thanks.

Pete

----- Original Message -----
From: Susan Burke <sburke@burkeoneilllc.com>
To: White, Peter; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Sent: Thu Apr 03 09:02:48 2008

Subject:  RE: Destruction of documents - response requested

We understand your views, but believe the seriousness of the issue compels us to act.  We are also worried that your view of prudent measures may differ from ours.  For example, it appears that you approved and endorsed your clients' action in repainting the vehicles involved in the massacres.  We view that action as destruction of relevant evidence if your client intends to press the defense that the vehicles were fired upon.  Of course, if that defense is not going to be pressed, that would be a different analysis.

We intend to bring the allegations regarding the destruction of documentary evidence to the Court's attention, and seek expedited discovery.  We will seek permission to serve documents requests, interrogatories and deposition notices needed to ascertain in the immediate future whether there has been destruction.

You suggest we are proceeding only to place the matter on the public record.  Quite the contrary — we would rather reach an agreement with you, and refrain from placing anything about the subject on the public record until we actually know what happened.  But if you are not willing to share information, and make documents and witnesses available, we will not be able to find out what happened in a timely fashion without assistance from the Court.  Given that we have no reason to doubt the validity of the information volunteered to us, we are very concerned that we would be negligent in protecting our clients' interests if we do not move promptly to learn what has happened.  Please advise if you are willing to depart from your position and provide us access to the sources of information we need.

We are more than willing to share with you the specifics of our conduct in terms of preserving evidence.  Obviously, there is no symmetry on this issue.  You clearly are an experienced attorney, and understand that the volume of the evidence relating to wrongdoing in the possession of victims is dwarfed by the evidence in the perpetrators' possession.  And most importantly -- no one has made any allegations that our clients have destroyed any evidence.

Nonetheless, to demonstrate our good faith and desire to work this issue out expeditiously and without troubling the Court, we provide you the following information:  First, we have advised our clients to cooperate fully with the FBI, which has collected and is maintaining the physical evidence, such as the shells and the vehicles.  We understand you have been in discussions with the Department of Justice, and thus are well aware that our clients are cooperating with the ongoing criminal investigations and turning over all evidence in their possession.  Second, we did not send any document preservation memoranda to the Iraqis whose family members were killed or to the Iraqis who were injured because there were no pre-existing documents in their possession that needed to be preserved from any ongoing corporate destruction policies.  None of them knew the massacres were going to occur.  We are, of course, collecting and preparing for the production of relevant documents created after the massacres, such as condolence letters, medical examinations, and the like.  We are confident we have fully complied and are continuing to comply with all of our preservation and production obligations.  We trust you have no real interest in deposing our clients on preservation issues prior to the start of formal discovery, but if you do, we will make them available in exchange for similar access to your clients.

Susan L. Burke

Burke O'Neil LLC

4112 Station Street

3

Philadelphia, PA 19127

215.487.6596 (office)

215.971.5058 (cell)


From: White, Peter [mailto:PWhite@mayerbrown.com <mailto:PWhite@mayerbrown.com> ]
Sent: Thursday, April 03, 2008 8:26 AM
To: sburke@burkeoneilllc.com; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: Re: Destruction of documents - response requested


To the contrary, we have told you repeatedly that we have (1) ensured that our client has
proper document preservation measures in place for electronic and hard copy documents, (2)
promptly and thoroughly investigated your allegations, and (3) found no evidence to
corroborate the unsworn and unspecific allegations from an unidentified individual. We
have taken all prudent measures to deal with the situation and have provided you with much
more than you are entitled to under the Rules. We, of course, have not seen the document
preservation memos you no doubt provided to your clients. That is not surprizing - we are
not entitled to see them yet.

If we are nonetheless forced to defend such a motion, we are putting you on notice that we
reserve our right to seek corrective action from the court.

----- Original Message -----
From: Susan Burke <sburke@burkeoneilllc.com>
To: White, Peter; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Sent: Wed Apr 02 21:28:05 2008
Subject: RE: Destruction of documents - response requested

We are going to tell the Court the same thing we told you  -- nothing more, nothing less.
We will provide you the supporting declaration (from me, not from the person who made the
call to us) in advance, but it will say what we have already told you in our email dated
March 18.  We are not withholding information; we have told you all the statements that
were made to us.  We asked you on March 18 to provide us information on your document
preservation efforts to permit us to assess whether the statements being made had
validity.  You wholly ignored the request, not responding in any way until we followed up
and sent you another email.  We reiterated the need for information; you failed to provide
any information whatsoever.


We believe we need the Court's assistance because you gentlemen have opted not to provide
us any information to allay our concerns.  Given that you are not willing to provide us
information because you do not believe our concerns are valid, we have no alternative
other than seeking help from the Court.  Given your stance, we do not believe seeking
judicial assistance is frivolous.  We much prefer to work such matters out between counsel
without troubling the Court.  And, as we stated before, we are not impugning counsel's
good faith (although note you are not similarly inclined to assume good faith on our
part.)  But the refusal to provide us any factual information forces us to take all
possible steps to ensure that critical evidence is not destroyed.


Susan L. Burke

Burke O'Neil LLC

4112 Station Street

Philadelphia, PA 19127

215.487.6596 (office)

215.971.5058 (cell)


From: White, Peter [mailto:PWhite@mayerbrown.com <mailto:PWhite@mayerbrown.com> ]
Sent: Wednesday, April 02, 2008 6:29 PM
To: sburke@burkeoneilllc.com; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: Re: Destruction of documents - response requested




The filing of a motion based on allegations of an un-named person regarding shredding of
unknown documents is frivolous in light of our client's document preservation efforts on
and our investigation into this issue. If you are pursuing this matter out of a good faith
concern for document preservation, please forward us in advance the pleading you intend to
file with supporting affidavits so that we can investigate the matter further and take any
corrective action necessary. If you decline to do so, our only conclusion can be that your
true intent is to engage in a continuing effort to pollute the jury pool with salacious
and unfounded allegations, and we will take appropriate corrective actions.


----- Original Message -----
From: Susan Burke <sburke@burkeoneilllc.com>
To: White, Peter; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Sent: Wed Apr 02 13:55:54 2008
Subject: RE: Destruction of documents - response requested

We have provided you with the information by email dated March 18.  You have
not shared any information with us in return.  We are moving the court for
assistance later today or tomorrow.

Susan L. Burke
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
215.487.6596 (office)
215.971.5058 (cell)


-----Original Message-----
From: White, Peter [mailto:PWhite@mayerbrown.com <mailto:PWhite@mayerbrown.com> ]
Sent: Wednesday, April 02, 2008 2:41 PM
To: Susan Burke; De, Raj; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: RE: Destruction of documents - response requested

You are misinformed about the re-painting of all Blackwater vehicles
used under its contract with the State Department.  The re-painting had
nothing to do with this lawsuit.  In fact, it occurred well before this
lawsuit was filed.  In any event, Blackwater cannot repair, modify or
add to any vehicle in Baghdad without permission from the US Government
to do so.  Prior to the repairs, photographs were taken preserving
evidence of the damage done to the vehicles by incoming fire directed at
the Independent Contractors in the Blackwater convoy on September 16,
2006.

As to your second allegation, we ask that you identify who is making the
allegation of destruction and precisely what he or she believes he or
she witnessed.  That will be required when any motion is filed in any
event.  If any such conduct has occurred, and we have uncovered no
evidence that it has, we want to address the issue as soon as possible.
We cannot do so without further information.

Pete

Peter H. White
Mayer Brown LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
202-263-3391 (office)
202-263-5391 (fax)
pwhite@mayerbrown.com


-----Original Message-----
From: Susan Burke [mailto:sburke@burkeoneilllc.com <mailto:sburke@burkeoneilllc.com> ]
Sent: Wednesday, April 02, 2008 1:22 PM
To: De, Raj; White, Peter; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: RE: Destruction of documents - response requested

Dear Raj,

   First, with respect to the media reports on spoliation, I am referring to
the reports that Blackwater repainted and repaired the Blackwater vehicles
involved in the Nisoor Square massacre.  It strikes us as very troubling
that you are unaware of these media reports and this egregious spoliation of
evidence by your client.

   Second, we will not file anything that lacks a good faith basis.  But
since we have a good faith basis to proceed here, we are going to move the
Court for judicial assistance to assure the cessation of the document
destruction.  We are very troubled by the information we have received, and
continue to receive.  We are not wholly reassured by your cursory assertion
that you have looked into the matter.  We do not question your good faith as
counsel, but do question whether you are indeed fully able to investigate
and control your clients' actions.

   Susan L. Burke
   Burke O'Neil LLC
   4112 Station Street
   Philadelphia, PA 19127
   215.487.6596 (office)
   215.971.5058 (cell)

-----Original Message-----
From: De, Raj [mailto:RDe@mayerbrown.com <mailto:RDe@mayerbrown.com> ]
Sent: Wednesday, April 02, 2008 9:38 AM
To: Susan Burke; White, Peter; Pincus, Andrew J.; Lackey, Jr., Michael E.
Subject: RE: Destruction of documents - response requested


Susan:

Contrary to your assertions below, we take document preservation
obligations very seriously.  We looked into your specific allegations as
soon as we received them and did not find any support for them.  In your
latest email, you state that you "know" from media reports that our
client has "indisputably" spoiled evidence located in Iraq.  We are
unaware of any such spoliation.  If you have specific information about
any such conduct, we ask that you immediately provide that information
to us so we can investigate further, if necessary.  We trust that you
will not file a motion that lacks a good faith basis.

Rajesh De
MAYER BROWN LLP
1909 K Street, NW
Washington, DC 20006
Tel: 202-263-3401
rde@mayerbrown.com


-----Original Message-----
From: Susan Burke [mailto:sburke@burkeoneilllc.com <mailto:sburke@burkeoneilllc.com> ]
Sent: Tuesday, April 01, 2008 10:32 AM
To: White, Peter; Pincus, Andrew J.; De, Raj; Lackey, Jr., Michael E.
Subject: RE: Destruction of documents - response requested

I had sent the message below last night from a hotel, not realizing that
it had not gone through until now.  Thus, the deadline for your response
(if you chose to respond) will be noon, tomorrow, April 2, rather than
close of business today (April 1).  We may opt to file papers tomorrow,
but will wait until the afternoon to do so.

Susan L. Burke
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
215.487.6596 (office)
215.971.5058 (cell)

-----Original Message-----
From: Susan Burke [mailto:sburke@burkeoneilllc.com <mailto:sburke@burkeoneilllc.com> ]
Sent: Tuesday, April 01, 2008 10:28 AM
To: 'White, Peter'; 'Pincus, Andrew J.'; 'De, Raj'; 'Lackey, Jr.,
Michael E.'
Subject: Destruction of documents - response requested
Importance: High

To date, we have not received any response whatsoever to my March 18,
2008, email request seeking assurances that your client is preserving
records and other evidence.  (Please see below.)  We are very concerned
about your cavalier approach to this critical issue.  We know from media
reports that your client indisputably has spoiled evidence located in
Iraq.  Now, we learn of destruction of files in North Carolina.  Please
respond to our inquiries by close of business tomorrow (April 1).  We
are contemplating seeking judicial intervention to assure that your
client does not continue to destroy critical evidence.

Susan L. Burke
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
215.487.6596 (office)
215.971.5058 (cell)


-----Original Message-----
From: Susan Burke [mailto:sburke@burkeoneilllc.com <mailto:sburke@burkeoneilllc.com> ]
Sent: Tuesday, March 18, 2008 11:06 PM
To: White, Peter
Subject: Re: Shredding documents

We hope you are correct. Our understanding is that Mr. Gary Jackson and
Mr. Dave Jackson met with others earlier today to discuss Blackwater's
exposure to criminal and civil litigation.  Immediately thereafter, your
client began to destroy documents relevant to the civil litigation as
well as ongoing government audits.  Please advise us immediately -- in
writing so that the information will be clear -- why you believe your
client understands the importance of its document preservation

responsibilities.  Specifically, please provide to us the hold notices
that your client has disseminated to employees and independent
contractors.  If your client has failed to disseminate any hold notices
to its independent contractors, please advise us as to what, if any,
steps your client has taken to ensure the preservation of emails,
documents, videos, photographs, and other materials relevant to our
allegations set forth in the complaint.  We ask that you and your
colleagues, as officers of the court, independently assess whether your
client does indeed understand the importance and significance of its
obligations.
Susan L. Burke
Burke O'Neil LLC
4112 Station Street
Philadelphia, PA 19127
215.487.6596
215.971.5058 (cell)
215.482.0874 (fax)


This message may contain privileged and confidential information.  If
you are not the intended recipient, please alert me and delete the
message.
Thank you.

-----Original Message-----
From: "White, Peter" <PWhite@mayerbrown.com>

Date: Tue, 18 Mar 2008 20:22:29
To:<sburke@burkeoneilllc.com>, "Pincus, Andrew J."
<APincus@mayerbrown.com>,        "De, Raj" <RDe@mayerbrown.com>,
"Oyer, Elizabeth G." <EOyer@mayerbrown.com>
Subject: Re: Shredding documents


I believe that our client understands the importance of its document
preservation responsibilities.  Obstruction is an extremely serious
charge to make. Please inform us immediately -- in writing so that the
information will be clear -- what you believe is being shredded, and by
whom, where, and when; how those materials are relevant to this
litigation; and why you find this allegation credible.


    Regards,


    Pete



    ----- Original Message -----
    From: Susan Burke <sburke@burkeoneilllc.com>
    To: White, Peter; Pincus, Andrew J.; De, Raj; Oyer, Elizabeth G.
    Sent: Tue Mar 18 16:56:00 2008
    Subject: Shredding documents


As I told Elizabeth, we learned that Blackwater is shredding evidence.
We understand that Gary Jackson and Dave Jackson are involved in this
effort.  We ask that you take all necessary steps to stop this
obstruction of justice and spoilation of evidence.  Thank you for your
prompt attention to this serious matter.
    Susan L. Burke
    Burke O'Neil LLC
    4112 Station Street
    Philadelphia, PA 19127
    215.487.6596
    215.971.5058 (cell)
    215.482.0874 (fax)


This message may contain privileged and confidential information.  If
you are not the intended recipient, please alert me and delete the
message.

Thank you.

_____
_____
_

IRS CIRCULAR 230 NOTICE. Any tax advice expressed above by Mayer Brown
LLP
was not intended or written to be used, and cannot be used, by any
taxpayer
to avoid U.S. federal tax penalties. If such advice was written or used
to
support the promotion or marketing of the matter addressed above, then
each
offeree should seek advice from an independent tax advisor.
This email and any files transmitted with it are intended solely for the
use
of the individual or entity to whom they are addressed. If you have
received
this email in error please notify the system manager. If you are not the
named addressee you should not disseminate, distribute or copy this
e-mail.

# Attachment 2

4 Votes    3 Comments    Print

# Iraqis accuse Blackwater of shredding documents

*Associated Press*

Fri Apr 25, 2008 9:35 PM EDT

**WASHINGTON** — Families of Iraqis who died in a shooting involving Blackwater Worldwide contractors accused the company Friday of shredding documents and destroying evidence.

Lawyers for the families made the accusations in court documents but identified the source of the information only as former employees. They said officials at the company's North Carolina compound shredded documents related to ongoing investigations sometime around March 18.

Company lawyers had no immediate comment Friday night, but they are quoted in court documents as saying Blackwater took appropriate steps to make sure documents were not destroyed.

Lawyers for the Iraqis do not say what investigation the documents relate to. Blackwater, a major security contractor in Iraq, is under scrutiny in several matters.

Most notably, its guards are under investigation for a September shooting that left 17 Iraqi civilians dead. There is no indication the Justice Department is investigating shredding as part of that case.

Family members are already suing the company for alleged wrongful death in connection with the September shooting, and they asked a judge Friday to let them add document destruction to that lawsuit.

The families also say Blackwater destroyed evidence by repainting and repairing its trucks after the shooting. The company has said the work was done to protect the guards from retribution and was approved by the State Department.

© 2008 The Associated Press. All rights reserved. This material may not be published, broadcast, rewritten or redistributed.








4 Votes    **Enjoy this article? Help vote it up the 'Vine.**

**Comment on this** | **Back To Top**

**Published to:**

- **Associated Press's Column**, All of Newsvine
- Groups: **The War Room**, **The Truth Network**, **Committee of Public Safety**

washingtonpost.com

# Iraqis accuse Blackwater of shredding documents

The Associated Press
Saturday, April 26, 2008; 4:03 AM



WASHINGTON -- Families of Iraqis who died in a shooting involving Blackwater Worldwide contractors accused the company Friday of shredding documents and destroying evidence.

Lawyers for the families made the accusations in court documents but identified the source of the information only as former employees. They said officials at the company's North Carolina compound shredded documents related to ongoing investigations sometime around March 18.

Company lawyers had no immediate comment Friday night, but they are quoted in court documents as saying Blackwater took appropriate steps to make sure documents were not destroyed.

Lawyers for the Iraqis do not say what investigation the documents relate to. Blackwater, a major security contractor in Iraq, is under scrutiny in several matters.

Most notably, its guards are under investigation for a September shooting that left 17 Iraqi civilians dead. There is no indication the Justice Department is investigating shredding as part of that case.

Family members are already suing the company for alleged wrongful death in connection with the September shooting, and they asked a judge Friday to let them add document destruction to that lawsuit.

The families also say Blackwater destroyed evidence by repainting and repairing its trucks after the shooting. The company has said the work was done to protect the guards from retribution and was approved by the State Department.

© 2008 The Associated Press

Ads by Google

Shell's Idea
The most astonishing idea created by Shell to tackle energy challenge
www.shell.com/challenge

The Porn Wars
A balanced approach to freedom of speech and porn.
techliberation.com.org

Say "No" to Globalism
America is being plundered We tell you who, how and why
www.AugustReview.com



# Iraqis accuse Blackwater of shredding documents

**Saturday, April 26, 2008**

WASHINGTON —

ADVERTISEMENT

Families of Iraqis who died in a shooting involving Blackwater Worldwide contractors accused the company Friday of shredding documents and destroying evidence.

Lawyers for the families made the accusations in court documents but identified the source of the information only as former employees. They said officials at the company's North Carolina compound shredded documents related to ongoing investigations sometime around March 18.

Company lawyers had no immediate comment Friday night, but they are quoted in court documents as saying Blackwater took appropriate steps to make sure documents were not destroyed.

Lawyers for the Iraqis do not say what investigation the documents relate to. Blackwater, a major security contractor in Iraq, is under scrutiny in several matters.

Most notably, its guards are under investigation for a September shooting that left 17 Iraqi civilians dead. There is no indication the Justice Department is investigating shredding as part of that case.

Family members are already suing the company for alleged wrongful death in connection with the September shooting, and they asked a judge Friday to let them add document destruction to that lawsuit.

The families also say Blackwater destroyed evidence by repainting and repairing its trucks after the shooting. The company has said the work was done to protect the guards from retribution and was approved by the State Department.

*Copyright 2008 The Associated Press. All rights reserved. This material may not be published, broadcast, rewritten or redistributed.*

SEARCH                                                    GO

**Click here for FOX News RSS Feeds**

**Advertise on FOX News Channel, FOXNews.com and FOX News Radio**
Jobs at FOX News Channel.
Internships At Fox News (Summer Application Deadline is March 15, 2007)
Terms of use.  Privacy Statement.  For FOXNews.com comments write to
foxnewsonline@foxnews.com;  For FOX News Channel comments write to
comments@foxnews.com
© Associated Press. All rights reserved.
This material may not be published, broadcast, rewritten, or redistributed.

Copyright 2008 FOX News Network, LLC. All rights reserved.
All market data delayed 20 minutes.

**SFGate**.com

## Iraqis accuse Blackwater of shredding documents

Saturday, April 26, 2008

(04-26) 01:03 PDT WASHINGTON, (AP) --

Families of Iraqis who died in a shooting involving Blackwater Worldwide contractors accused the company Friday of shredding documents and destroying evidence.

Lawyers for the families made the accusations in court documents but identified the source of the information only as former employees. They said officials at the company's North Carolina compound shredded documents related to ongoing investigations sometime around March 18.

Company lawyers had no immediate comment Friday night, but they are quoted in court documents as saying Blackwater took appropriate steps to make sure documents were not destroyed.

Lawyers for the Iraqis do not say what investigation the documents relate to. Blackwater, a major security contractor in Iraq, is under scrutiny in several matters.

Most notably, its guards are under investigation for a September shooting that left 17 Iraqi civilians dead. There is no indication the Justice Department is investigating shredding as part of that case.

Family members are already suing the company for alleged wrongful death in connection with the September shooting, and they asked a judge Friday to let them add document destruction to that lawsuit.

The families also say Blackwater destroyed evidence by repainting and repairing its trucks after the shooting. The company has said the work was done to protect the guards from retribution and was approved by the State Department.

http://sfgate.com/cgi-bin/article.cgi?f=/n/a/2008/04/25/national/w183510D98.DTL



**Everything Cleveland**

## Iraqis accuse Blackwater of shredding documents
4/26/2008, 4:03 a.m. ET

**The Associated Press**

WASHINGTON (AP) — Families of Iraqis who died in a shooting involving Blackwater Worldwide contractors accused the company Friday of shredding documents and destroying evidence.

Lawyers for the families made the accusations in court documents but identified the source of the information only as former employees. They said officials at the company's North Carolina compound shredded documents related to ongoing investigations sometime around March 18.

Company lawyers had no immediate comment Friday night, but they are quoted in court documents as saying Blackwater took appropriate steps to make sure documents were not destroyed.

Lawyers for the Iraqis do not say what investigation the documents relate to. Blackwater, a major security contractor in Iraq, is under scrutiny in several matters.

Most notably, its guards are under investigation for a September shooting that left 17 Iraqi civilians dead. There is no indication the Justice Department is investigating shredding as part of that case.

Family members are already suing the company for alleged wrongful death in connection with the September shooting, and they asked a judge Friday to let them add document destruction to that lawsuit.

The families also say Blackwater destroyed evidence by repainting and repairing its trucks after the shooting. The company has said the work was done to protect the guards from retribution and was approved by the State Department.

Copyright 2008 Associated Press. All rights reserved.
This material may not be published, broadcast, rewritten, or redistributed.

© 2008 cleveland.com All Rights Reserved.

MiamiHerald.com 🖶

Posted on Sat, Apr. 26, 2008

# Iraqis accuse Blackwater of shredding documents

Families of Iraqis who died in a shooting involving Blackwater Worldwide contractors accused the company Friday of shredding documents and destroying evidence.

Lawyers for the families made the accusations in court documents but identified the source of the information only as former employees. They said officials at the company's North Carolina compound shredded documents related to ongoing investigations sometime around March 18.

Company lawyers had no immediate comment Friday night, but they are quoted in court documents as saying Blackwater took appropriate steps to make sure documents were not destroyed.

Lawyers for the Iraqis do not say what investigation the documents relate to. Blackwater, a major security contractor in Iraq, is under scrutiny in several matters.

Most notably, its guards are under investigation for a September shooting that left 17 Iraqi civilians dead. There is no indication the Justice Department is investigating shredding as part of that case.

Family members are already suing the company for alleged wrongful death in connection with the September shooting, and they asked a judge Friday to let them add document destruction to that lawsuit.

The families also say Blackwater destroyed evidence by repainting and repairing its trucks after the shooting. The company has said the work was done to protect the guards from retribution and was approved by the State Department.

---

© 2008 Miami Herald Media Company. All Rights Reserved.
http://www.miamiherald.com

Charlotte.com

## Iraqis accuse NC-based Blackwater of shredding documents

Families of Iraqis who died in a shooting involving North Carolina-based Blackwater Worldwide contractors accused the company Friday of shredding documents and destroying evidence.

Lawyers for the families made the accusations in court documents but identified the source of that information only as former employees. They said officials at the company's North Carolina compound shredded documents related to ongoing investigations sometime around March 18.

Company lawyers had no immediate comment Friday night, but they are quoted in court documents as saying Blackwater took appropriate steps to make sure documents were not destroyed.

Lawyers for the Iraqis do not say what investigation the documents relate to. Blackwater, a major security contractor in Iraq that's based in Moyock, N.C., is under scrutiny in several matters.

Most notably, its guards are under investigation for a September shooting that left 17 Iraqi civilians dead. There is no indication the Justice Department is investigating shredding as part of that case.

Family members are already suing the company for alleged wrongful death in connection with the September shooting, and they asked a judge Friday to let them add document destruction to that lawsuit.

The families also say Blackwater destroyed evidence by repainting and repairing its trucks after the shooting. The company has said the work was done to protect the guards from retribution and was approved by the State Department.